Brown v. Cairns.

---

M. T. BROWN *et al.* v. ALEXANDER CAIRNS *et al.*
No. 12,394.  (66 Pac. 1033.)

SYLLABUS BY THE COURT.

1. LANDLORD AND TENANT — *Contract Construed — Effect of Abandonment.* A tenancy was created under a written lease for the term of ten years, at an annual rental of $1000 for the first five years. Before the expiration of the first year, the landlords informed the tenants that the annual rental for the first year would be reduced by deducting $250 from the amount, and a like sum

remitted from the rent of the second year, provided the lessees would go on as they had agreed, and carry out the terms of the contract or lease. This condition was accepted in writing by the lessees, and they paid the two years' rent as reduced, but at the end of the second year they abandoned the premises, and notified the lessors that they had thrown up the lease. *Held*, that an action to recover the rent remitted could be maintained.

2. ——— *Acceptance by Letter.* The letters written by the parties containing the agreement for the remission of rent examined, and *held*, that the acceptance by the lessees of the offer made by their landlords was not conditional.

3. ——— *Case Followed.* The case of *Brown v. Cairns*, ante, p. 584, 66 Pac. 639, cited and followed.

Error from Coffey district court; W. A. RANDOLPH, judge. Opinion filed December 7, 1901. Division one. Reversed.

*Hutchings & Keplinger*, for plaintiffs in error.

*James Redmond*, for defendants in error.

The opinion of the court was delivered by

SMITH, J. : By an instrument in writing plaintiffs in error leased to defendants in error a body of land in Coffey county for the term of ten years from March 1, 1895. The latter agreed to pay as rent for the premises $1000 annually for the first five years, and $1500 each year for the remaining time. In January, 1896, the lessees informed their landlords that they would be unable to continue to hold the land during the entire term, owing to a failure to realize as much from the premises as they expected. Plaintiffs thereon agreed with the defendants that if the latter would continue in possession, and keep and perform the conditions of the lease, they, the lessors, would reduce the rent and remit the sum of $250 from the the amount of rent due for the year 1895, and an equal sum from the rent due for the year 1896.

The modification of the lease in the respect mentioned was made in a letter written by the plaintiffs in error, tendering a remission of rent, and accepted in a letter to plaintiffs written by the lessees. In a letter dated February 11, 1896, M. T. Brown, one of the plaintiffs, in answer to one received by him from Boulton, one of the defendants, wrote :

"I assure you we want the matter to go ahead entirely satisfactorily to all parties as possible, and with the best of feeling all around, and I will make another proposition which you certainly cannot say is not reasonable. Instead of taking off $250 each from the last half the first two years' rent, as before indicated, I will take it off entirely, provided you go ahead as you agreed to do in your contract."

To this letter the lessees responded by writing :

"We have concluded to accept your offer of $250 reduction off each of the first two years' rent, though we should like to have had it for the first five ; however, we will do our best, and if by then we are not able to make it, you will probably meet us again. . . . We will continue to do our best, and if we cannot make it, I am sure you will meet us again, as we don't want to leave the place, but don't intend to get in the hole."

On March 1, 1897, the lessees abandoned the premises without the consent of the plaintiffs, and have ever since refused to perform any of the conditions of the lease.

Alleging this state of facts in the first count of the petition, plaintiffs below sought to recover from defendants the said sum of $500, remitted from the stipulated amount of rent which was agreed to be paid by the terms of the lease. The answer of defendants below, among other things, alleged that the execution of the lease was induced by the fraud and misrepresentations of the lessors, for which reason the

defendants were relieved from their obligation to perform its conditions. As the judgment below, in favor of the defendants (the lessees), must be reversed, it is sufficient to consider the questions raised under the first cause of action set out in the petition.

The contention by counsel for defendants in error is that the letter of his clients, accepting rebate of rent, was a conditional acceptance of the offer made in the letter of defendants in error, and constituted a counter-proposition imposing conditions not accepted by the lessors. The strength of this argument hinges on the following in the letter of the lessees: "We will continue to do our best, and if we cannot make it, I am sure you will meet us again, as we don't want to leave the place, but don't intend to get in the hole."

As we interpret this language, it was an acceptance of the offer made by the lessors, provided, as stated in the letter making the proposition, that the lessees would "go ahead as you agreed to do in your contract"; that is, to occupy and cultivate the land in accordance with the terms of the lease until its expiration. There was no counter-proposition, but at best a mere suggestion of assurance by the lessees that their landlords would again exercise their generosity, and remit further rent, if the former failed to make profit out of their venture. At the time the letters relative to a reduction of rent were written, the lease was in full force, solemnly executed, and containing in plain language the obligations assumed by the parties. The loose language used by defendants in error in their letter to the lessors, in which they express a hope that if they cannot make the premises profitable another arrangement as to rent will be made, will not vary the terms of the instrument, nor does it

amount to a statement that the lessees will abandon the premises if they fail to make profit out of the land.

The modifications of the lease, made by the letters referred to, are to be given the same force as if they had originally been incorporated therein, and are not open to contradiction by oral proof. The reduction of rent was made on the condition that the lessees should go on and perform the stipulations of the lease to the time of its expiration, and on this condition only. Their abandonment of the premises violated this condition, rendering them liable at once for the rent remitted. The court plainly instructed the jury to this effect, but its direction seems to have been disregarded.

The legal effect of the leasing of the property to Samuel Dreyer for one year, from March 1, 1897, was considered in the case of *Brown v. Cairns et al.*, ante, p. 584, 66 Pac. 639. It was there held that the acts of plaintiffs in error, in reletting the premises after their abandonment, did not constitute a surrender by operation of law.

The judgment of the court below will be reversed and a new trial ordered.

DOSTER, C. J., JOHNSTON, ELLIS, JJ., concurring.