(April 6, 1909.)

# J. C. WATT, Respondent, v. LEE DECKER et al., Appellants.

[101 Pac. 253.]

MOTION TO DISMISS APPEAL—APPEAL FROM PROBATE COURT TO DISTRICT COURT—TRANSCRIPT ON APPEAL—DEFECTIVE UNDERTAKING—VOID UNDERTAKING—AMENDMENT TO UNDERTAKING.

1. Where an appeal is taken from the decision of the district court, dismissing an appeal from the probate court, on the ground that the appeal was not perfected within thirty days after the rendition of the judgment in the probate court, and the transcript fails to show that the appeal was perfected by filing the required undertaking on appeal within the thirty days, the order of the court will be sustained.

2. Where the action of a court in refusing to permit the appellant to file an amended undertaking on appeal is ·assigned as error, and the transcript does not contain the original undertaking on appeal from the probate court, or a copy thereof, from which this court may ascertain whether or not it was capable of amendment, the decision of the trial court must be sustained.

3. The decision of a court of general jurisdiction is presumed to be correct until the contrary is shown.

(Syllabus by the court.)

APPEAL from the District Court of the First Judicial District, for Bonner County. Hon. William W. Woods, Judge.

Action for debt. Judgment for plaintiffs. Appeal to district court. Motion to dismiss on grounds that appeal was not perfected in time and that undertaking was void. Motion sustained and judgment of dismissal entered. *Sustained.*

E. W. Wheelan, for Respondent, files no brief.

SULLIVAN, C. J.—This action was commenced in the probate court of Bonner county and judgment entered for the plaintiff, who is respondent here. An appeal was taken to the district court from that judgment. A motion was.

made to dismiss the appeal on the ground that the appeal was not perfected within thirty days after the entry of the judgment, as required by law, and also on the ground that the undertaking on appeal did not comply with the statute, in that it was not for twice the amount of the judgment appealed from and costs, and was not conditioned that appellants would pay the amount of the judgment appealed from and all costs if the appeal were withdrawn or dismissed, as required by the provisions of sec. 4842, Rev. Codes. Some other grounds were also stated in said motion, which it is not necessary for us to refer to here.

Before the motion to dismiss was heard, the appellants applied for permission to file an amended bond, and presented such amended bond to the court on the hearing of said motion; also presented two affidavits in support of the application to amend. The court denied the application to file an amended bond and granted the motion to dismiss the appeal. This appeal is from the order granting said motion to dismiss the appeal.

Had the attorney for respondent moved to dismiss this appeal on the ground that the appellant failed to appear in this court, either personally or by counsel, the appeal would have been dismissed under the provisions of rule 51 of the rules of this court; but as that motion was not made, the court concluded to examine the record and render a decision on the merits of the case.

The transcript fails to inform this court of the date on which judgment was entered in the probate court, except in the amended undertaking (which was rejected by the district court). It is there recited that said judgment was rendered on February 8, 1908, and there is nothing in the record to show when the appeal was perfected by filing the undertaking on appeal. That being true, it is impossible for this court to determine whether the appeal was perfected within thirty days after the entry of the judgment by the probate court. Conceding that the judgment was entered on February 8, 1908, the transcript should show the date of the service and filing of the notice of appeal and the filing

of a proper undertaking within thirty days after the rendition of the judgment. The transcript fails to show either of those facts.

Under the well-recognized rule that the orders and decisions of a court of general jurisdiction are presumed to be correct until the contrary appears, we must hold that the order dismissing the appeal from the probate court was properly made, as it is not made to appear to this court that said appeal was perfected within thirty days after the rendition of the judgment. A copy of the original undertaking on appeal is not contained in the record, and for that reason we are not able to examine it for the purpose of ascertaining whether it is simply a defective bond that might be amended upon application, or whether it is absolutely void and not capable of amendment. The district court, no doubt, had that bond before it, and may have held that it was absolutely void and not capable of amendment, or that it was not filed within thirty days after rendition of the judgment. If that were true, its decision would be correct, and indulging in the rule of presumptions above referred to, this court must presume that the trial court came to the correct conclusion in that regard. If the record contained a copy of the bond, this court could then examine it and determine for itself whether the bond was simply defective and capable of amendment or whether it was absolutely void and not capable of amendment. As there is nothing in the record to show to this court that the appeal was perfected within thirty days after the rendition of the judgment, and nothing in the record to show that the undertaking on appeal was merely a defective one and capable of amendment, the order of the court denying the motion to file an amended undertaking and the order dismissing the appeal must be sustained, and it is so ordered, with costs in favor of the respondent.

Stewart and Ailshie, JJ., concur.