[No. 11794.   Department One.   August 8, 1914.]

O. F. SMITH *et al.*, *Respondents*, v. SCHADE BREWING COMPANY, *Appellant*.[1]

LANDLORD AND TENANT—LEASE—RENT—AGREEMENT FOR REDUCTION —CONSTRUCTION. Where a lease of a hotel for the term of five years provided for certain rentals to be paid in advance on the fifteenth of each month, and a subsequent agreement provided for a refund of a portion of such rent provided the same was paid in advance on the first of the month, and in event of delay in payment no refund would be made, the subsequent agreement was not a substitute for the lease so as to render it a lease for the reduced rental for the remainder of the term, but the reduction was in the nature of a gift, the benefit of which the lessee could obtain only by compliance with the terms of the agreement to make the payments promptly in advance on the first of the month.

SAME. Disallowance by the lessor of the amount of the agreed refund to the lessee, on failure of the lessee to make the payments promptly on the first of the month, would not amount to the imposition of a penalty, the agreement on the part of the lessor to make the refund being a mere concession.

[1]Reported in 142 Pac. 455.

Appeal from a judgment of the superior court for Spokane county, Back, J., entered April 24, 1913, upon findings in favor of the plaintiffs, in an action on contract, tried to the court.    Affirmed.

*Turner & Geraghty,* for appellant.

*V. T. Tustin,* for respondents.

Gose, J.—This is an action to recover unpaid rent upon a written lease.    There was a judgment for the plaintiffs.    Defendant has appealed.

The facts are these:  On the 6th day of August, 1908, the appellant leased from the respondents' grantor a hotel in the city of Spokane, the lease to become effective on the 15th day of August following.    The term was five years, the agreed rental being $650 per month for the first year, $675 per month for the second year, $700 per month for the third year, and $800 per month for the remaining two years, the monthly rental to be paid in advance on the 15th day of each month.    In October, 1909, the respondents purchased and have since owned the premises.    On the 22d day of June, 1912, the appellant and the respondent O. F. Smith executed a written instrument which, after making appropriate references to the provisions of the lease and to the  acquisition of title to the premises by the respondents, provides:

"Whereas, Owing to the hard times financially now existing in Spokane, the said O. F. Smith hereby promises to refund one hundred ($100) dollars a month, during hard times, of the eight hundred ($800) dollars a month, which under said lease the said Schade Brewing Company has contracted to pay as rent for said premises, it being distinctly understood between the parties referred to herein that the understanding as evidenced by this memorandum does not, and is not to be construed as in any way affecting the terms or conditions of said lease and in no wise to be construed as a modification of, or a substitution for said lease, but that the said lease shall remain and continue in full

force and effect; this memorandum being independent from said lease. It is further understood between the parties herein that the said Schade Brewing Company is to make its payments promptly each month in advance and without delay and on the first of each month, and in the event of such payments not being promptly made, the said O. F. Smith will not refund the said one hundred ($100) dollars per month, as aforesaid, or any amount whatsoever of the said eight hundred ($800) dollars a month as herein explained."

At the time the last instrument was signed, the appellant was in default in the payment of rent for the months of May and June, 1912. On the 5th day of July, the appellant paid the rental for May and June by two checks of $700 each. On August 7, it paid $700 by check for the July rental. On September 18, it paid $700 by check for the August rental. On October 9, it paid the September and October rental by two checks of $700 each. It defaulted in the payment of the rental for the months of November, December, and January. On January 3, it tendered the respondents $2,100 in cash in full payment of the rental for those months, which the respondents declined to accept. They thereupon brought suit to recover back rental of $100 per month for the period from May 1 to November 1, 1912, and $800 per month for the months of November and December, 1912, and January, 1913. The court denied the respondents' claim for back rent, and allowed them $800 per month as rental for the months of November and December, 1912, and January, 1913.

It will be observed that, under the terms of the lease, the rent was to be paid on the 15th day of the month. Under the later agreement, it was to be paid upon the first of the month. Appellant contends that, in view of that fact, the new agreement became a substitute for the lease and superseded it, so as to render it in effect a lease at $700 per month for the remainder of the term. In urging this view, it overlooks its promise to make the payments "promptly

each month in advance  .  .  .  on the first of each month, and in the event of such payments not being promptly made," that the owners would not make the refund. A reading of the later agreement makes it perfectly clear that the reduction of $100 a month in the rent was in the nature of a gift which the respondents were prompted to make in virtue of the fact that times were hard. It may be conceded, however, that the promise to pay the rent on the first of the month, instead of on the 15th of the month, as provided in the lease, is a good consideration so long as the terms of the later agreement were complied with. But it is equally clear that the parties intended that, if the payments were not promptly made on the first of the month in advance, there would be no refund or reduction in the rent. In short, the appellant, in order to avail itself of the modified agreement, was required to comply with its terms. This it did not do.

The appellant argues that any rental in excess of $700 per month is in the nature of a penalty and unenforceable. A penalty is a greater sum agreed to be paid to secure the payment of a lesser sum. This principle has no application here. In effect the respondents agreed to allow a rebate of $100 a month in consideration of punctual payment each month in advance, and the agreement expressly provides that, if the payments are not so made, the refund will not be allowed. As the learned trial court observed, it is a concession and not a penalty. It is needless to pursue the question further. The appeal is wholly wanting in merit.

The judgment is affirmed.

Crow, C. J., Main, Ellis, and Chadwick, JJ., concur.