JENNIE E. HARRISON, Appellee, *vs.* HELEN E. HARRISON *et al.* Appellants.

*Opinion filed December 16, 1914.*

1. TRUSTS—*when resulting trust arises.* Where land is purchased and paid for with the money of one person but the title is taken in the name of another who is not the child or the wife of the former, a resulting trust arises in favor of the person whose money paid for the land.

2. SAME—*source from which person obtained the money is immaterial if it was her own.* If the money paid by a young woman for land, the title to which was taken in the name of the mother of her affianced husband, was, in fact, her own money, it is not material that the money, or a part of it, was given to her by her affianced husband.

3. SAME—*what averments do not allege express trust.* Averments that the complainant in the bill consented and agreed that the title to premises purchased with her money should be placed for the time being in a certain person in trust for complainant and that the premises were so conveyed by warranty deed to such person do not allege an express trust, there being no allegation that the grantee agreed to hold the title in trust or agreed to anything.

4. SAME—*when statements of the husband do not affect wife's right to have trust declared.* Where a woman has purchased land and had the title conveyed to a third person to hold for her, her right to have a resulting trust declared is not affected by acts or statements of her husband, not authorized or assented to by her, designed to show that the title was conveyed in trust to aid the husband and wife in carrying on the illegal business of "bootlegging."

5. SAME—*when the record of the husband's conviction is irrelevant.* In a proceeding to establish a resulting trust in favor of the complainant in land the title to which is in the name of the mother of complainant's husband, the record of a conviction of the husband for maintaining a nuisance and ordering that "the place where such liquor was so sold be shut up and abated" is irrelevant and is properly denied admission in evidence.

APPEAL from the Circuit Court of Marion county; the Hon. THOMAS M. JETT, Judge, presiding.

JOHN S. STONECIPHER, and KAGY & VANDERVORT, for appellants.

GEORGE W. SMITH, and JONAS & HALEY, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Marion county setting aside a deed, upon a bill filed by the appellee, Jennie E. Harrison, against the appellants, Helen E. Harrison and Peter L. Guth.

The bill alleged that on September 16, 1911, the appellee purchased two lots in Salem, Illinois, for $700, for which she paid cash; that at that time she was unmarried and was engaged to marry Haste E. Harrison, a son of the appellant Helen E. Harrison, by reason whereof she consented that the title to the premises for the time being should be placed in Helen E. Harrison in trust for her, whereupon, in consideration of the sum of money paid by the appellee, the premises were conveyed to Helen E. Harrison. After the conveyance the appellee took possession of the premises and ever since has been in possession thereof with the full knowledge and consent of Helen E. Harrison, who has never exercised or claimed to exercise any right of ownership or possession, but has always assented that the premises were in truth and in fact the property of the appellee. On December 27, 1913, while the appellee was in possession of the premises as owner, living therein with her husband and family, Helen E. Harrison, without

265 — 28

consideration, executed to Peter L. Guth, who was her son-in-law, a warranty deed for the premises, and said Peter L. Guth received and accepted such deed, then and there knowing that the appellee was, in fact, the owner thereof and that Helen E. Harrison held title thereto in trust for the appellee.

The evidence sustains the allegations of the bill. It is admitted that Helen E. Harrison did not purchase the property, paid nothing for it, never was in possession of or claimed any interest in the premises or exercised any acts of ownership over them, and that the appellee actually paid all the money that was paid for the purchase of them. It was shown, without contradiction, that the appellee took possession of the premises immediately after the purchase, has made improvements on them, and has since occupied them as a residence with Haste E. Harrison, whom she married after the conveyance. The appellant Guth had knowledge of her ownership, both by the fact of her possession and by actual notice. Where land is purchased and the consideration is paid with the money of one person but the title is taken in the name of another, a resulting trust arises in favor of the person whose money paid for the land. *Bruce* v. *Roney,* 18 Ill. 67; *VanBuskirk* v. *VanBuskirk,* 148 id. 9; *Brennaman* v. *Schell,* 212 id. 356; *Lord* v. *Reed,* 254 id. 350; *Froemke* v. *Marks,* 259 id. 146.

The appellants contend that Haste E. Harrison paid the consideration which was paid when the deed was made and that the appellee had no means with which to make such payment. The appellee received the money which was paid, or a part of it, from Haste E. Harrison. There is no contradiction in the evidence that whatever money she received from him he delivered to her for her own, whether in payment of a debt or otherwise. After she received the money it was hers. The source from which it came was immaterial, and if she used it in the purchase of this property she is entitled to the property. *Lord* v. *Reed, supra.*

It is argued that the bill alleges an express trust, and that where an express trust exists there can be no implied or resulting trust; that no express trust is proved, and that proof of an implied or resulting trust will not sustain a bill alleging an express trust, since there would be a variance between the bill and the proof. No express trust is alleged. The allegations of the bill in this respect are, that the appellee "consented and agreed that the title to said premises for the time being should be placed in said Helen E. Harrison in trust for your oratrix, whereupon the said Reuben C. Hays * * * made, executed and delivered to the said Helen E. Harrison, in trust for your oratrix, a certain warranty deed of that date, wherein and whereby they conveyed to the said Helen E. Harrison, in trust for your oratrix, the said above described premises." There is no allegation that Helen E. Harrison agreed to hold the premises in trust or agreed to anything. The allegation is simply that the appellee purchased the premises and paid for them and by her consent and agreement the title was taken in the name of Helen E. Harrison. From these facts the law implies a resulting trust without any agreement on the part of the grantee in the deed. No such agreement was either alleged or proved.

It is contended that the title to the property was placed in Helen E. Harrison for the purpose of aiding the appellee and her husband in carrying on the illegal business of "boot-legging" whisky. This contention is based on the testimony of Haste E. Harrison's sister that when the purchase was being discussed by the appellee, Haste and his mother, Haste said, "We cannot buy the place because they would take it away from us on account of illegal boot-legging," to which his mother answered, "Well, you can put it in my name," and Haste and his wife then said, "Yes, we will do that." At another time in her testimony she said that Haste and the appellee said they would put the property in his mother's name, and his mother said, "All

right, if you will quit this boot-legging," and they promised her they would. Helen E. Harrison testified that in a conversation with Haste and the appellee she told Haste that if he would quit boot-legging he could put the title in his mother's name, and he said he would quit. There is no evidence that the appellee was engaged in boot-legging, and the evidence does not sustain this contention. The appellee had the right to buy the property with her own money, and her right to it cannot be affected by the acts or statements of her husband, before or afterward, which she did not authorize or assent to.

The record of a conviction of Haste E. Harrison for maintaining a nuisance and ordering that "the place where such liquor was so sold be shut up and abated" was offered in evidence by the appellants. It was irrelevant and an objection to it was properly sustained.

The decree is affirmed. •                *Decree affirmed.*