'(February 8, 1924.)

MARTHA A. HILL, Respondent, v. E. W. PORTER, Commissioner of Finance of the State of Idaho, Substituted for Bank of Washington County, Appellant.

[223 Pac. 538.]

APPEAL AND ERROR—ASSIGNMENT OF ERRORS—WHEN INSUFFICIENT—RULES OF COURT—DECREE—PRESUMPTION OF VALIDITY—INSTRUCTIONS — EQUITY CASE — ERROR NOT PREDICABLE — HUSBAND AND WIFE—WIFE'S SEPARATE PROPERTY—DECLARATIONS OF HUSBAND—ADMISSIBILITY — COMMUNITY PROPERTY — PRESUMPTION REBUTTABLE.

1. Specifications that the verdict, findings of fact and conclusions of law, and decree are not sustained by the evidence do

not comply with the rules of this court, and are not sufficiently definite to entitle appellant to a review of the questions he attempts to raise.

2. A specification that the decree is against law is sufficient to cause an appellate court to determine if the trial court failed to find upon all the material issues.

3. A specification that the court erred in making and entering the findings of fact and conclusions of law and decree goes no further than to suggest generally that the evidence does not support the findings, that the conclusions do not result or follow from the findings, and that the decree is not in harmony with the conclusions.

4. It is presumed that the decree of a district court is regular and valid; and the burden of establishing error is on the party alleging it.

5. Error cannot be predicated upon the giving of an instruction in an equity case, where the jury acts in an advisory capacity.

6. Declarations of a husband, subsequent to the alleged gift of real property to the wife, made out of the presence of the wife, are not admissible against her in an action to quiet her title to the land as against a creditor of the husband, where it is not shown that she authorized such declarations, or had any knowledge that they had been made.

7. The presumption that all property acquired by either husband or wife during marriage is community property may be rebutted.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. B. S. Varian, Judge.

Suit to quiet title. Decree for plaintiff. *Affirmed.*

Harris, Stinson & Harris, for Appellant.

The presumption that all property acquired by either spouse during coverture is community property may be rebutted by showing that the property so acquired by such spouse was acquired by gift, descent or by purchase with the separate funds of such spouse. (*Yesler v. Hockstettler,*

Publisher's Note.

7. Profits accruing during marriage in connection with property belonging to separate estate of either spouse as community property, see notes in 126 **Am. St.** 112; 31 **L. R. A., N. S.,** 1092.

4 Wash. 349, 30 Pac. 398; *Main v. Scholl,* 20 Wash. 201, 54 Pac. 1125; *Heintz v. Brown,* 46 Wash. 387, 123 Am. St. 937, 90 Pac. 211; *Ballard v. Slyfield,* 47 Wash. 175, 91 Pac. 642; *Denny v. Schwabacher,* 54 Wash. 689, 132 Am. St. 1140, 104 Pac. 137; *United States Fidelity etc. Co. v. Lee,* 58 Wash. 16, 107 Pac. 870; *Katterhagen v. Meister,* 75 Wash. 112, 134 Pac. 673; *In re Finn's Estate,* 106 Wash. 137, 179 Pac. 103; *In re Parker's Estate,* 115 Wash. 57, 196 Pac. 632; *Stewart v. Weiser Lumber Co.,* 21 Ida. 340, 121 Pac. 775; *Osborn v. Mills,* 20 Cal. App. 346, 128 Pac. 1009; *Wells v. Allen,* 38 Cal. App. 586, 177 Pac. 180; *Schuyler v. Broughton,* 70 Cal. 282, 11 Pac. 719; *Goddard v. Reagan,* 8 Tex. Civ. App. 272, 28 S. W. 352.)

Where it is attempted to establish a gift from the husband to the wife, by evidence of the husband's declarations alone, the court should admit evidence upon the trial of the issue of the conduct of the husband relative to the property, and his declarations relative thereto, either prior or subsequent, which tend to counteract the evidence of the husband's declarations. (*Baker v. Baker,* 55 Tex. 577; *Barziza v. Graves,* 25 Tex. 324; *Smalley v. Lawrence,* 9 Rob. (La.) 211.)

J. B. Eldridge, W. M. Morgan and George Donart, for Respondent.

The fact that the witness Hill was the husband of respondent does not make his statements made outside of her presence, derogatory to the title of her property, admissible. (31 C. J. 52; *In re Pepper's Estate,* 158 Cal. 619, 112 Pac. 62, 31 L. R. A., N. S., 1092; *McKay v. Treadwell,* 8 Tex. 176; *Cougar v. National Bank of Lancaster,* 151 Ky. 470, 152 S. W. 278; *Jaddatz v. Grace Harbor Lumber Co.,* 194 Mich. 273, 160 N. W. 587; *Qualls v. Fowler* (Tex. Civ.), 186 S. W. 256; *Harrison v. Harrison,* 265 Ill. 432, 107 N. E. 128.)

This is an equity case in which the jury acted in an advisory capacity and the giving or refusing of instructions

is not subject to review on appeal. (*Fritcher v. Kelley,* 34 Ida. 471, 201 Pac. 1037.)

WM. E. LEE, J.—This is an appeal from a decree of the district court in and for Washington county quieting the title of respondent, Martha A. Hill, in and to the following described lands and premises, to wit:

"The south half of the southeast quarter and the northeast quarter of the southeast quarter of Section Two, and the southwest quarter of the southwest quarter of Section One, in Township Twelve, North, of Range Two, West of the Boise Meridian, containing one hundred sixty acres, more or less, in Washington county, Idaho, together with all the appurtenances thereunto belonging."

The facts, briefly stated, are that George W. P. Hill and respondent were married in 1894, and ever since that time have been and now are husband and wife. At the time of their marriage, the husband was the owner of 160 acres of land in Latah county, upon which they thereafter resided and which they farmed continuously until 1911. In that year, Hill sold the Latah county land, and together with his family moved to Washington county. At this time, one Patrick E. Short was the owner of 320 acres of land in Washington county, of which the lands in question here were a part. Hill had received approximately $7,000 for his land in Latah county, and he agreed with Short for the purchase of the 320 acres of land for the sum of $9,000. The conveyance was effected by two separate instruments. Hill was the grantee in one of the deeds for 160 acres, and respondent was the grantee in the other deed for the 160 acres in question here. The sum of $6,000 appears to have been paid to Short on the purchase price, and the land in question was mortgaged to Short for $3,000, the balance of the purchase price of the 320 acres. There was some defect in the title, and the deeds were placed in escrow in a bank in Payette until the title was perfected. Some months later, upon a perfection of the title, the deeds were delivered and recorded. At the time of the purchase of

38 Idaho.—37

the 320 acres, the execution of the deeds in question, and their delivery, Hill was free from debt. He told his wife that he had given her 160 acres of land, and upon the recording and delivery of the deeds, he handed her the deed to 160 acres in which she was the grantee.

At about the time of the transaction with Short, Hill, who had never theretofore exercised his right to take title to lands under the homestead laws of the United States, learned that adjoining the 320 acres of land then belonging to Short there were 160 acres, title to which he might acquire under the homestead law; and a short time after the execution of the deeds he made such arrangements with the person then occupying the above-mentioned public land as to entitle him to and he did file application in the United States land office to enter upon the 160 acres of public land as a homestead. It is apparent from the testimony that Hill was aware of the fact that under the laws of Congress it was not lawful for him to acquire title to any land under the homestead law if such land together with any other land owned by him exceeded 320 acres. In addition to the testimony of respondent that her husband gave her the 160 acres of land, Hill testified that he had the deed to the land made out in the name of respondent as a gift of the land to her, and that the conveyance to her was intended as a gift. The parties resided on the homestead, title to which Hill afterward acquired, and the land in question was cultivated and used in conjunction with the land upon which they resided.

Some years subsequent to the execution of the deed to respondent, Hill became indebted to the Bank of Washington County. Action was instituted by the bank, and the land in question was sold to satisfy the judgment obtained in that action. This action was instituted to quiet the title of respondent in and to the land in question as against the claims of the bank, it being her contention that the land was her separate property. The action was tried to the court and a jury. The jury returned a verdict in favor of respondent, and the court thereupon made findings of

fact and conclusions of law, and entered a decree in accordance with the verdict of the jury. This appeal is from the decree.

It appearing that the Bank of Washington County is insolvent, and that its affairs are under the supervision and control of the Commissioner of Finance of this state, it was stipulated that E. W. Porter, Commissioner of Finance, be substituted as appellant.

In order to effect a reversal of the decree, appellant sets forth in his brief six "specifications of error," the first three of which are as follows:

"1. The verdict is not sustained by the evidence and is against law.

"2. The findings of fact and conclusions of law are not sustained by the evidence and are against law.

"3. The conclusions of law and decree of the court are not sustained by the evidence of the case and are against law."

The foregoing specifications are substantially the same as the specification considered in the case of *Morton Realty Co. v. Big Bend Irrigation & Mining Co.,* 37 Ida. 311, 218 Pac. 433, recently decided by this court. In the opinion in that case, written by Judge Flynn, it was held that:

"An assignment of errors in a brief on appeal that 'the findings of fact, conclusions of law, and decree are contrary to the law and the evidence,' does not comply with Supreme Court rule 42 (211 Pac. xi), requiring the brief of appellant to 'contain a distinct enumeration of the several errors relied on,' and therefore will not entitle appellant to a review of the questions attempted to be raised by such assignment."

In the case of *Weber v. Pend d'Oreille Mining & Reduction Co.,* 35 Ida. 1, 203 Pac. 891, this court said:

"Appellants specify the finding of the court as error, but we do not think the specification is sufficiently definite to point out the ground upon which it is claimed the court erred."

See, also, *State v. Sayko,* 37 Ida. 430, 216 Pac. 1036; *McDonald v. North River Ins. Co.,* 36 Ida. 638, 213 Pac. 349; *Hurt v. Monumental Mercury Mining Co.,* 35 Ida. 295, 206 Pac. 184; *Marnella v. Froman,* 35 Ida. 21, 204 Pac. 202; *Delap v. Lawson,* 33 Ida. 95, 190 Pac. 262; *Citizens' Right of Way Co. v. Ayers,* 32 Ida. 206, 179 Pac. 954; *Newport Water Co. v. Kellogg,* 31 Ida. 574, 174 Pac. 602; *State v. Maguire,* 31 Ida. 24, 169 Pac. 175.

It is apparent from a reading of the foregoing specifications that appellant has not specifically directed the attention of this court to any particular in which either the verdict or the findings are not sustained by the evidence; neither has appellant suggested wherein either the verdict, the findings, the conclusions or the decree is "against law." A general statement that the evidence is insufficient to sustain the verdict, findings or decree, without particularly pointing out the respects in which the insufficiency exists, is too general, and is not a substantial compliance with rule 42 of this court. An assignment, however, that the decision is "against law" is sufficient to cause this court to determine whether the trial court failed to find upon all the material issues. (*Turner Agency v. Pemberton, ante,* p. 235, 221 Pac. 133; *Brown v. Macey,* 13 Ida. 451, 90 Pac. 339.) We have examined the record, and are satisfied that the trial court made findings upon all the material issues.

What has been said about the first three assignments of error applies generally to the fourth, which is as follows:

"4. The court erred in making and entering said findings of fact, conclusions of law and decree."

It would appear from this specification that the respect in which it is claimed the court erred "in making and entering said findings of fact, conclusions of law and decree," is that the evidence was such, generally, in its nature or sufficiency, as not to justify or support the findings, that the conclusions of law do not result or follow from the findings, and that the decree is not in harmony with the conclusions. As has been said, the specifications

are not sufficient to entitle appellant to a review of the question of whether the evidence is sufficient to sustain or justify the findings. The findings of fact are full and complete, and cover all the material issues. From the findings of fact, the court drew certain conclusions of law, which logically and inescapably follow from the facts found. The court thereupon entered its decree, quieting the title of respondent in and to the land as against any and all claims of the bank. It was the only decree the court could have consistently entered in view of the findings and conclusions.

The fifth specification of error is that ''the court erred in giving instruction No. 6.'' This is an equity case, and the jury acted in an advisory capacity. In such a case, the giving of an instruction will not be reviewed. (*Fritcher v. Kelly,* 34 Ida. 471, 201 Pac. 1037.)

Appellant's sixth specification of error involves the refusal of the trial court to permit the introduction in evidence of testimony relating to declarations and conduct of respondent's husband subsequent to the execution of the deed. Such declarations and conduct, it appears, were not in the presence of respondent. She was neither shown to have authorized nor known of them. Such evidence was not admissible, and objections thereto were properly sustained.

In *Feltham v. Blunck,* 34 Ida. 1, 198 Pac. 763, this court said:

''Certainly appellant could not be estopped by oral statements Blunck made to Feltham, claiming to own the land, which she did not authorize and of which she had no knowledge.''

In *Bannock National Bank v. Automobile Accessories Co.,* 37 Ida. 787, 219 Pac. 200, this court, in a very similar case, said:

''There is no merit in respondent's contention that appellant is bound by the financial statement made to the bank by her husband, in which he listed this particular property as the property of himself and appellant. She had nothing to do, so far as the record shows, with the making of this statement.''

See, also, 31 C. J. 52; *Estate of Pepper,* 158 Cal. 619, 112 Pac. 62, 31 L. R. A., N. S., 1092; *McKay v. Treadwell,* 8 Tex. 176; *Cogar v. National Bank of Lancaster,* 151 Ky. 470, 152 S. W. 278; *Qualls v. Fowler* (Tex.), 186 S. W. 256; *Harrison v. Harrison,* 265 Ill. 432, 107 N. E. 128.

It is presumed that all property acquired by either husband or wife, during marriage, is community property, but this presumption may be rebutted. (*Stewart v. Weiser Lumber Co.,* 21 Ida. 340, 121 Pac. 775.) The burden of establishing the separate character of such property is upon the one who asserts it. In this case, therefore, the burden was upon respondent. She claimed the land as her separate property. It had been sold at the instance of one who was not a creditor of her husband, at the time of the execution of the deed, to satisfy a community debt. She commenced an action to quiet her title, and produced sufficient evidence to satisfy a jury and the trial court that the land was her separate property and not the community property of her husband and herself. Findings of fact, conclusions of law and a decree were made and entered in favor of respondent. It is presumed that the decree of a district court is regular and valid. The burden of establishing error is on the party alleging it. (*Watt v. Decker,* 16 Ida. 184, 101 Pac. 253.) A mere statement that the trial court erred without pointing out specifically where the court erred cannot be considered.

The result reached in the trial court is not "against law," and in making and entering the decree, the court did not necessarily err. It has been held in this state and in California that a husband, who is free from debts and liabilities, may make a valid gift to his wife of either real or personal property, and that the subject matter of such gift will thereupon become her separate property. (*Bank of Orofino v. Wellman,* 26 Ida. 425, 143 Pac. 1169; *Peck v. Brummagin,* 31 Cal. 440, 89 Am. Dec. 195.)

"Whether in a given case the transaction is sincere and *bona fide,* or a mere device as a cover to conceal the real ownership of the husband to his property and thus delay

or defraud existing creditors is the true test, and this is a question of fact to be determined by a jury or by the court when hearing the case without a jury." (*Bank of Orofino v. Wellman, supra.*)

As stated in the above quotation, the question of the validity of the conveyance is one of fact to be determined by a jury, or by the court when hearing the case without a jury. Since the sufficiency of the evidence is not a question that we can consider, it is unnecessary to discuss the very able argument of appellant or to attempt a reconciliation of his authorities to the result arrived at by the trial court.

The decree is affirmed. Costs to respondent.

McCarthy, Dunn and William A. Lee, JJ., concur.