(No. 4877. July 16, 1928.)

THE IDAHO FALLS NATIONAL BANK, a Corporation, Appellant, v. E. V. FORD, Respondent.

[269 Pac. 100.]

O. A. Johannesen, for Appellant.

494

E. M. Holden, for Respondent.

BAKER, Commissioner.—Plaintiff sued to recover judgment upon two promissory notes executed by defendant in favor of W. A. Bishop & Company and by it transferred to plaintiff.

The defense, pleaded in detail, was that the notes were given as part of the purchase price of a 22–40 tractor purchased by defendant from the plaintiff and the Bishop Company by reason of his reliance upon certain false "representations, guaranties and warranties" made by Homer, cashier and agent of the plaintiff, and by one Ernst, now deceased, officer and agent· of the Bishop Company. Defendant by cross-complaint alleged that by reason of the fraud practiced upon him he had elected to rescind the bargain, offered to return everything he had received and claimed damages in the sum of $2,200, representing the value of a smaller tractor given as part of the purchase price, the amount of one note he had paid and the amount expended for labor and repairs upon the tractor purchased. The Bishop Company was not served or represented.

From a judgment rendered on verdict in favor of the defendant on the complaint and in favor of plaintiff on the cross-complaint, plaintiff alone has appealed.

The sufficiency of the allegations of the cross-complaint to entitle defendant to rescind was not raised in the trial court. The pleadings were not attacked; the material evidence tending to support the positions of the parties was

received without objection and the sufficiency of such evidence was not questioned by motion for nonsuit or directed verdict or for new trial. The plaintiff did not urge in the trial court and does not urge here that defendant by his conduct and delay had lost his right to rescind or had affirmed the bargain though procured by fraud. Apparently the substantial issues considered in the trial court were whether the defendant was defrauded and whether plaintiff was answerable for representations made by its cashier.

The evidence, so far as material to any issue here presented, discloses that plaintiff was a creditor of the Bishop Company and held as security warehouse receipts covering machinery stored by the company, including the tractor sold to the defendant. The Bishop Company was permitted to sell machinery which was released by the bank when the purchase price was paid into the bank or approved notes were delivered and indorsed.

Before the notes in question were executed, the matter of the release of the 22–40 tractor and its sale to the defendant was presented to the bank and its approval of notes to be taken was sought. Later, Homer, the cashier of plaintiff, at the request of the discount committee, went with Ernst, of the Bishop Company, to the home of the defendant to investigate his financial condition, procure financial statement, examine the smaller tractor owned by him and to close the sale. It was during this visit that defendant charges the representations were made, the amount of the purchase price, the value of the trade-in tractor and the amount of the notes to be given were agreed upon. The notes were prepared by Homer and were executed when the tractor was delivered at Idaho Falls a short time later. There is sufficient evidence, though conflicting, to support a finding that Homer was present and participated in making such representations. The allegations that the representations were made and proved to be false are sustained by competent proof. It is not necessary to detail the defects in the tractor made apparent by its use.

The ten assignments of error are but statements, in variety of form, of the position of appellant that the representations, warranties and guaranties charged to Homer as the cashier and agent of the bank were not made in the exercise of such power as he, by virtue alone of his office, enjoyed, were beyond the power of the bank and were therefore *ultra vires* and of its contention that the evidence is insufficient to sustain the judgment.

We must accept the verdict of the jury returned on conflicting evidence, as a conclusive determination that respondent was defrauded in the manner, at the time and by the persons as alleged in his affirmative defense and cross-complaint. The verdict requires that we adopt the respondent's version of the facts.

Under the instructions of the court, of which no complaint is made, a verdict in favor of respondent on appellant's complaint was warranted upon satisfactory proof either that Homer made the fraudulent representations or was present when they were made and knew of them. Under either condition Homer had notice of the fraud practiced upon the respondent. Not only was he cashier and an executive officer of the bank, acting for it alone in the particular transaction in the consummation of which the notes were given but he was present and was representing the bank in that transaction by the direction and the authority of the discount committee. The bank is charged with notice of the facts of which Homer, its cashier, then had knowledge and cannot be a holder in due course of the note. (*Smith v. Wallace Nat. Bank*, 27 Ida. 441, 150 Pac. 21; 7 C. J., p. 530, sec. 134.)

Having reached this conclusion it is unnecessary to decide whether the cashier had the authority to bind the bank by the representations charged to him.

The argument that the evidence is insufficient in other particulars is based upon general assignments that the verdict and judgment are against the law and the evidence. While these assignments, under the rules of this court and the several decisions, among which are *Hill v.*

*Porter,* 38 Ida. 574, 223 Pac. 538, and *Bell v. Morton,* 38 Ida. 758, 225 Pac. 37, are wholly insufficient, we have considered the evidence relating to the principal argument relied upon, namely, that the evidence shows an independent investigation was made by respondent of the tractor and that he did not rely upon the representations made. We conclude the evidence is sufficient to justify a finding that the representations made exerted a material influence in bringing about the sale. We cannot say the sale would have been made if the representations had not been made. The necessity of proof of reliance upon the representations was emphasized in the court's instructions.

We recommend that the judgment appealed from be affirmed, with costs to respondent.

Varian and Brinck, CC., concur.

The foregoing is approved as the opinion of the court and the judgment is affirmed, with costs to respondent.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.

Budge, J., dissents.