[L. A. No. 9509. Department One.—January 30, 1929.]

J. SHADY, Respondent, v. MERCANTILE ARCADE REALTY COMPANY (a Corporation), Appellant.

Bertin A. Weyl and S. Laz Lansburgh for Appellant.

Burnett Wolfson and Louis L. Swarthe for Respondent.

PRESTON, J.—In this cause paragraph one of the judgment is amended to read as follows: "That in the action entitled 'Mercantile Arcade Realty Company, a corporation, plaintiff, vs. J. Shady, defendant,' numbered 160209, Mercantile Arcade Realty Company, a corporation, do have and recover of and from J. Shady the sum of four thousand six hundred eighteen and 44/100 (4618.44) dollars, together with interest thereon at the rate of seven per cent per annum from the date hereof until paid; together with costs and disbursements of said Mercantile Arcade Realty Com-

pany, a corporation, incurred in said action, amounting to the sum of $71.30.''

Paragraph II of said judgment is modified to read as follows: ''That in the action entitled 'Mercantile Arcade Realty Company, a corporation, plaintiff, vs. J. Shady, defendant,' numbered 167550, the said Mercantile Arcade Realty Company, a corporation, have and recover from said J. Shady the sum of twenty-nine hundred four and 75/100 (2904.75) dollars, together with interest thereon at the rate of seven per cent per annum from the date hereof until paid.''

As so modified it is ordered that the said judgment be and the same is hereby affirmed, with costs to appellant. This judgment is so modified and affirmed for the following reasons:

First, it will be noted that the parties plaintiff and defendant have been transposed, the Mercantile Arcade Realty Company, a corporation, being known in the judgment as the plaintiff and J. Shady being known as the defendant. In this opinion said corporation will be called the company.

Said company leased, as of February 15, 1924, to defendant, shops 5 and 6 in the Arcade Building, Los Angeles, for a term of ten years, at a combined rental of $900 per month. In May, 1924, an amended agreement was executed by the parties changing the spread of said rental but without changing the total amount thereof. The change provided for a rental of $700 per month instead of $900 per month between May 1 and December 31, 1924, with a rental of $1,000 per month for the succeeding sixteen months; then the old rate of $900 per month was to reattach. This concession, however, was dependent upon the faithful performance of the covenants of the lease during the period of reduced rental. The right to cancel the leases was also given the defendant, provided he gave a written notice to that effect ten days prior to December 31, 1924, and provided also that he relinquished to the company the sum of $2,850 theretofore deposited with it as security for the faithful performance of the covenants of the lease on his part.

The findings show that in all these particulars Shady fell short of his covenants. He paid the October rental long after it was due. He paid only half of the November rental and none of the rental for December, abandoning the premises altogether on December 27, 1924. He failed to give

the ten-day notice of his intention to withdraw from the contract. He failed to relinquish his claim to the $2,850 pledged as security as above stated. He adopted a contrary line of conduct altogether, by suing on December 22, 1924, to cancel said leases for fraud, and asked as well for the return to him of said sum of $2,850 so pledged.

The court found against him on all these issues and specifically established the integrity of the leases and decreed them to be binding and subsisting at all times herein. The company sued Shady in two actions—the first for the balance due on the rent for the months of November and December, 1924, at the rate of $700 per month, and January, 1925, at the rate of $1,000 per month, and for certain other undisputed items relating to charges for electricity, etc., aggregating $181.11, and for the sum of $200 per month with interest for the eight months beginning May 1, 1924, and ending December 31, 1924. The second action was for the original rate of $900 per month rental for the months of February, March and April, 1925.

These two causes of action and the action by Shady for a cancellation of the leases were consolidated and tried together. The judgment denied all relief to Shady on his cause of action, but the company was given only partial relief, confined to the balance due under the modified rental agreement up to December 31, 1924, and attorneys' fees. Nothing was allowed it on the $200 per month reduced rental claim nor upon the claim for rental subsequent to December 31, 1924.

From the above facts found by the court there is no escape from the conclusion that plaintiff company is entitled on the findings to judgment for the $200 per month because of the failure of Shady to live up to the conditions upon which the right to said reduction was to come into being, to wit, the prompt payment when due of the reduced rental. Shady, in fact, not only failed to pay, but repudiated the leases altogether. The company was also entitled to judgment for the rent from January to April, 1925, inclusive, for the same reason. Shady did not elect to cancel within the required time nor did he relinquish his claim to said $2,850 pledged as security for the faithful performance of the covenants on his part to be kept and performed. On the contrary, he sought

to repudiate the leases and reclaim this sum. Having failed in these efforts, he must submit to the legal consequences.

Appellant not only appealed from the judgment, but moved for judgment on the findings as provided under section 663 of the Code of Civil Procedure. Under this state of the record there is nothing to do but to modify and affirm the judgment as above ordered.

Seawell, J., and Curtis, J., concurred.