(No. 6837.   January 28, 1941.)

CHARLES L. WINTER, Respondent, v. ANTON BENS, Appellant.

[109 Pac. (2d) 890.]

J. M. Lampert, for Appellant.

Perce Hall, for Respondent.

GIVENS, J.—Respondent's complaint alleged rental April 25, 1938, for $50 a month payable in advance on the 25th of each month, of the Casino building at Atlanta, to appellant; continued occupancy thereafter of said building by appellant; failure to pay rent for September, October, November

and December, 1939; that the same, amounting to $200 is due and unpaid and prayed for judgment for that amount.

Appellant filed a general demurrer; and a special demurrer that the complaint purported to be founded on a written instrument of the same date for two years which was not set out in the complaint or attached thereto, hence that the complaint was uncertain.

The demurrers were overruled and appellant answered alleging the rental of said building by respondent on said date to Ivan S. Sayger and C. F. Phippen; admitting his occupancy of the building by permission from Sayger and Phippen up to the time of the filing of the complaint and alleging his unlawful removal therefrom by a void writ in connection therewith. Admitted the unpaid rent as claimed has not been paid but denied it was due because of a claimed deferment October 10, 1939, of all original agreements and payments until December 4, 1939; that on December 4th, it was mutually agreed appellant should keep the place open until April 25, 1940, and need pay as total rental only $100 within a reasonable time after the holidays ended January 1, 1940. That by the suit and ouster appellant was deprived of complying with the terms of said agreement.

Appellant supports his general demurrer by the contention that under subsection 5 of section 16–505, I. C. A., the rental being for more than one year and the agreement not having been alleged to be in writing the complaint did not state a cause of action. There is nothing in the complaint to indicate the renting was more than from month to month, hence the general demurrer was properly overruled.

The complaint does not suggest a written instrument, hence there was no basis for the special demurrer.

The jury awarded respondent $150.

Appellant complains of the court's failure to sustain motions to discharge the attachment whereby he was ousted from the premises December 30, 1939, and dismiss the complaint and attachment. The *praecipe* did not ask for and the transcript does not contain anything relative to the attachment and these motions, other than the motion to dissolve and the order denying the same. In the absence of a con-

trary showing orders of the district court will be presumed correct. (*Watt v. Decker*, 16 Ida. 184, 101 Pac. 253; *Judy v. Reilly Atkinson & Co.*, 59 Ida. 752, 87 Pac. (2d) 451; *Donahoe v. Herrick*, 44 Ida. 560, 260 Pac. 150.)

Respondent retained the right to operate and remove at his pleasure certain slot machines and card games in said building. Appellant himself testified he had been paid in full his percentage of the take from these slot machines and games and that at the time they were removed in June or July, respondent owed him no money in connection therewith and admitted respondent had the right to remove them when and as he did.

█ A written lease had originally been executed on the premises by respondent alone to Sayger and Phippen, concededly assigned by them to appellant. Since appellant admitted occupancy and liability prior to December 4th for the unpaid rent beginning with September he may not complain that respondent did not rely upon said lease, and we need not consider its efficacy or invalidity because, perhaps, leasing community property, the wife not signing. (*Quayle v. Stone*, 43 Ida. 306, 307, 251 Pac. 630.)

Appellant's attempted exculpation rests on a plea of what is in effect accord and satisfaction plead in confession and avoidance.

The crucial issue therefore thus presented by appellant himself was the agreement of December 4, 1939. Conceding appellant introduced evidence to support such plea of confession and avoidance, respondent produced evidence to the effect that such modified agreement was that "he (appellant) would send me $50 the first mail after Christmas which was the 26th (i. e. mail) and he would also send me $50 right after New Years, after the holidays." It is conceded no payment was ever made by appellant.

█ The testimony of both parties concerning the new agreement or modification is that it was made conditional on appellant's prompt remittance of the two $50 payments:

Mr. WINTER, respondent, on cross-examination:

"A. I told Mr. Bens I had to have $100.00, and he said, 'I will send you $50.00 the first mail after Christmas,' and

he says, 'I'll send you $50.00 right after the first of the year.' Well, I told him that would be all right *if he would do that.* So I waited until the first of the year, and there had been two mails, if I am not mistaken, and no money coming down, and so I started action on this. It didn't look to me like he was going to carry out his agreement.''

Mr. BENS, appellant, on direct examination:

''A. Mr. Winter called me in the little back room in the back of the place, and he told me, 'I got a proposition for you, Tony,' and I says, 'What is it, Mr. Winter?' He says, 'I need $100.00. *If you pay me* that $100.00 your rent is paid until next spring, to April 25, 1940. . . . . '' (Emphasis ours.)

The jury was therefore justified in concluding that the new agreement not having been performed was ineffective to change or modify the original contract as to the amount due. (*Smith v. B. Schade Brewing Co.,* 81 Wash. 20, 142 Pac. 455; *Brown v. Cairns,* 63 Kan. 693, 66 Pac. 1033; *Shady v. Mercantile Arcade Realty Co.,* 206 Cal. 363, 274 Pac. 340.)

Hence when the complaint was filed, December 30, 1939, four days after appellant, according to respondent's version of the agreement of December, 1939, was to have sent $50, appellant was in default and it was for the jury under the evidence herein to say whether respondent was entitled to his rent as originally agreed upon. (*Barbarich v. Chicago M. St. P. & P. Ry. Co.,* 92 Mont. 1, 9 Pac. (2d) 797; *Stadler v. Ciprian,* 265 Mich. 252, 251 N. W. 404; *Worth Petroleum Co. v. Callihan,* (Tex. Civ. App.) 82 S. W. (2d) 1060; *Singer v. General Accident, Fire & Life Assur. Corp.,* 219 Wis. 508, 262 N. W. 702; *Redman v. Woods,* 42 Ga. App. 713, 157 S. E. 252; *Konqueror Building & Loan Assn. v. G. R. Kinney Co.,* 315 Pa. 318, 172 Atl. 719; 1 C. J. 530; 1 R. C. L. 200.)

Judgment affirmed.

Costs to respondent.

Budge, C. J., and Morgan, Holden and Ailshie, JJ., concur.