THE PEOPLE ex rel. WILLIAM WITTE, Appellant, *v.* JAMES A. ROBERTS, Comptroller, etc., Respondent.

Under the provisions of the act of 1893, in reference to the redemption of lands sold for taxes, which authorizes the state comptroller, in case of an invalid tax sale, where he does not discover that the sale was invalid until after a conveyance of the land sold has been executed, " on application of any person having an interest therein at the time of the sale," to cancel the sale and refund the money paid, such an application may not be made by the owner of the land at the time of the sale, but only by the purchaser at the sale.

(Argued December 10, 1894; decided December 18, 1894.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made December 4, 1894, which affirmed an order of the Special Term denying an application for a writ of mandamus against the comptroller of the state.

The relator was in 1874 the owner of a lot of land situate in the town of Flatbush, Kings county, and as such owner on the 12th day of December, 1874, duly paid the tax thereon for that year to the collector of the town. Notwithstanding such payment the tax was returned as unpaid by the collector through mistake, and at the tax sale in November, 1881, the lot was sold by the comptroller for the non-payment of that tax to the People of the state, who continued to hold the tax title until Nov. 24th, 1891, when it was sold by the commissioners of the land office to Henry Patten. The relator was ignorant of the return of the tax of 1874 as unpaid, and of the tax sale of his lot until recently, when on examination of the title preparatory to a proposed conveyance by him these facts were disclosed through the records of the comptroller's office. The relator then applied to the comptroller for a cancellation of the tax sale on the ground that the tax of 1874 had been legally paid. The comptroller denied the application, and then the relator applied at a Special Term of the Supreme Court for a peremptory writ of mandamus

directed to the comptroller to compel him to cancel the tax, and the Special Term denied his application. He then appealed to the General Term, and from affirmance there to this court.

*James F. Tracey* for appellant. Under chapter 711 of the Laws of 1893 a state tax sale, invalid because of a prior legal payment of the tax, may be cancelled by the comptroller upon application by the owner of the land. (*Wright Case,* 104 N. Y. 369; Sutherland on Stat. Const. § 225; Laws of 1891, chap. 211; Code Civ. Pro. § 388; *Gilmore* v. *Ham,* 142 N. Y. 1; *Schoener* v. *Lissauer,* 107 id. 111, 117; *People* v. *Turner,* 117 id. 227.) The provisions of section 20 of the statute apply to past as well as to future sales. (*Lenhard* v. *Lynch,* 62 How. Pr. 56; *Kannrich* v. *Castleman,* 21 Mo. App. 587; *People* v. *Wilmerding,* 136 N. Y. 373; *Cromwell* v. *McLean,* 123 id. 474; *In re Prime,* 136 id. 397; *People ex rel.* v. *Spicer,* 99 id. 225.)

*W. E. Kisselburgh, Jr.,* for respondent. Prior to the passage of chapter 711, Laws of 1893, the remedy of cancellation was not to be resorted to by an owner of lands sold for non-payment of taxes. Chapter 711, Laws of 1893, has not altered the law in this respect. (Laws of 1823, chap. 262; 1 R. S. 413, § 89; Laws of 1850, chap. 298, §§ 102, 104; Laws of 1855, chap. 427, §§ 83, 85; *People ex rel.* v. *Chapin,* 104 N. Y. 369; 105 id. 309; *Ostrander* v. *Darling,* 127 id. 70; *People ex rel.* v. *Wemple,* 139 id. 240.) The statute of 1893 is a continuance of the law of 1855, and sales of land made before 1893 can only be canceled in accordance with the terms of the latter. (Stat. Cons. Act. § 32.)

*Per Curiam.* Prior to 1891 various statutes in this state authorized the comptroller to cancel tax sales upon discovery that they were for any reason illegal or invalid. Those statutes did not specify the persons who could apply to the comptroller for such cancellations and invoke his action. (Laws

236          People ex rel. Witte *v.* Roberts.          [Dec.,

Opinion *per Curiam.*                    [Vol. 144.

of 1823, chap. 26 ; 1 R. S. 413, secs. 89, 91; Laws of 1851, chap. 98, secs. 102, 104 ; Laws of 1855, chap. 427, secs. 83, 85.) In *People ex rel. Wright* v. *Chapin* (104 N. Y. 369) we held that under the statutes then in force the application to the comptroller for the cancellation of the tax sale could only be made by the purchaser at the sale. Thereafter, by chapter 217 of the Laws of 1891, the previous statutes were amended by the following provision : " All applications heretofore or hereafter made to the comptroller for the cancellation of any tax sale, by any person interested in the event thereof, shall be heard and determined by him, and his determination shall be subject to review by certiorari or otherwise." Notwithstanding that amendment we again held in the *Hamilton Park* case (139 N. Y. 240) that the application for cancellation could be made only by the purchaser, and that the owner had no standing whatever for that purpose. Before that decision was announced, and after the action of the comptroller there under review had been taken, the act chapter 711 of the Laws of 1893 had been passed, and in that act the language pertaining to the present inquiry is as follows : " If he (the comptroller) shall not discover that the sale was invalid until after a conveyance of the lands sold shall have been executed, he shall, on application of any person having any interest therein at the time of the sale, on receiving proof thereof, cancel the sale, refund out of the state treasury to the purchaser, his representatives or assigns, the purchase money and interest thereon, and re-charge the county from which the tax was returned with the amount of purchase money and interest from the time of sale, which the county shall cause to be levied and paid into the state treasury ; on any such application the comptroller may appoint a commissioner with like powers and duties as in case of an application for redemption."

The present application is made under that act, and the claim of the relator is that under its phraseology, he, as owner of the lot at the time of the sale, can make the application.

It is very clear that if, under the act, he, as owner, can make

the application on the ground that he was interested in the land at the time of the sale, the purchaser at the sale cannot make the application, and that thus the entire policy of the state as to such applications which had existed for seventy years has been radically changed. If the legislature had intended to provide that the owner could make the application, we think in view of the prior decisions of this court that it would have so provided in plain terms. With the language as it now appears in the act we are quite unwilling to hold that the policy of the state has been changed, and that the effect of our prior decision has been subverted. We must adhere to those decisions until by satisfactory language the legislative intent to change the law so as to authorize the application for cancellation by the owner has been more plainly manifested.

The order of the General Term should be affirmed, with costs.

All concur, except EARL, J., dissenting.

Order affirmed.