## SANDERS v. SAXTON et al.

### (Supreme Court, Special Term, Kings County. December, 1900.)

1. SALE FOR TAXES TO STATE—ACTION AGAINST COMPTROLLER.
    Action to remove a cloud on plaintiff's land may be maintained against the state comptroller, or his successors in office, who made sales of the land for void taxes, at which the state was purchaser, and then gave the usual conveyance therefor to the state.

2. SAME—PARTIES—COMMISSIONERS OF LAND OFFICE.
    The commissioners of the land office, being given the general care and superintendence of state lands, are proper defendants in an action against the state comptroller to remove a cloud on plaintiff's land, sold by the comptroller to the state for void taxes.

Suit by John C. Sanders against Charles T. Saxton and others. Defendants demur to the complaint. Demurrer overruled.

Suit to remove a cloud on the plaintiff's title to real estate, against Charles T. Saxton, lieutenant governor, Hamilton Fish, speaker of the assembly, John Palmer, secretary of state, James A. Roberts, comptroller, Addison B. Colvin, treasurer, Theodore E. Hancock, attorney general, and Campbell W. Adams, state engineer and surveyor, as commissioners of the land office; and James A. Roberts as comptroller of the state of New York. The real estate is situated in Kings county, in what was the town of New Utrecht. The complaint alleges that the plaintiff is in possession of it, and that several specified sales thereof were made in various successive years by the state comptroller for unpaid taxes, at which the state was the purchaser, and that the comptroller gave the usual conveyances therefor to the state. The taxes for which the

sales were made are alleged to have been void for the reason that the said land was assessed to a person among the lands of residents, and not as the land of a nonresident, which it was in fact; and the prayer is that the sales and the conveyances thereunder be annulled and cancelled, and that the defendants be restrained from interfering with said land.

The defendants jointly demur to the complaint on the grounds (1) "that the court has no jurisdiction of the persons of the defendants or either of them," (2) "that the court has no jurisdiction of the subject of the action," and (3) "that the complaint does not state facts sufficient to constitute a cause of action"; and the trial is of the issues of law thereby raised.

Edwin S. Hunt, for plaintiff.

C. W. Francis, Dep. Atty. Gen., for defendants.

GAYNOR, J. All of the defendants are sued "as commissioners of the land office," and the defendant Roberts is also sued as comptroller. As the defendants demur jointly the demurrer must be overruled if the complaint be good either against the defendants as such commissioners or only against the one of them who is also sued as comptroller.

1. The objection that the court has no jurisdiction of the defendants or of the subject of the action is put upon the proposition (in brief) that the suit is in effect one against the state, and that sovereignty cannot be sued in its own courts without its consent. But the suit is not against the state. Officials or agents of government are not exempt from being sued by individuals in respect of their official acts, unless such acts be purely political, or be performed in the exercise of a lawful discretion vested in them. Marbury v. Madison, 1 Cranch, 137, 2 L. Ed. 60; Osborn v. Bank, 9 Wheat. 738, 6 L. Ed. 204; U. S. v. Lee, 106 U. S. 196, 1 Sup. Ct. 240, 27 L. Ed. 171; Rolston v. Commissioners, 120 U. S. 390, 7 Sup. Ct. 599, 30 L. Ed. 721. Blackstone makes the distinction between sovereignty and its officials and agents clear in the respect under consideration when, having stated that no action will lie against the former, he says:

"But injuries to the rights of property can scarcely be committed by the crown without the intervention of its officers; for whom the law in matters of right entertains no respect or delicacy, but furnishes various methods of detecting the errors or misconduct of those agents by whom the king has been deceived and induced to a temporary injustice." 3 Bl. Comm. 255.

2. The objection that the complaint does not state facts sufficient is not good as against the comptroller. His acts in selling the plaintiff's land and conveying it to the state were illegal, and have placed a cloud upon the plaintiff's title which he seeks to remove. That the plaintiff cannot sue the state for a cancellation of the void conveyance to it is no reason why he should not maintain such a suit against the official who created the cloud, or against his successor, for the office extends to and embraces the matter. As was said in Osborn v. Bank, 9 Wheat. 842, 6 L. Ed. 204, to the objection that since the state could not be sued the action could not be maintained against its officials:

"But if the person who is the real principal, the person who is the true source of the mischief, by whose power and for whose advantage it is done, be himself above the law, be exempt from all judicial process, it would be subversive of the best established principles to say that the laws could not afford

the same remedies against the agent employed in doing the wrong which they would afford against him could his principal be joined in the suit."

This suit rests on general principles of equity, and I therefore find no difficulty presented by the decisions that though the comptroller is empowered by statute to cancel invalid tax sales, he cannot be compelled to do so at the request of the landowner, but may do so only on the request of the purchaser at the tax sale. In Clark v. Davenport, 95 N. Y. 477, a suit by the landowner to set aside the comptroller's certificate of sale to the individual who purchased, the court gave as a reason for dismissing the suit that the plaintiff had not made a demand on the comptroller to set aside the sale, asserting that he had a right to do so under the statute both before and after the execution of a conveyance by the comptroller. But later in People v. Chapin, 104 N. Y. 369, 5 N. E. 64, 11 N. E. 383, where a landowner applied to the comptroller for such cancellation, it was held that he could not do so, and that the comptroller could not entertain his application; that the statute was for the benefit of the purchaser only, though it did not say so, but in general words only made it the duty of the comptroller to cancel the sale if he "discovered" it to be invalid either before or after the conveyance. Later in People v. Turner, 117 N. Y. 227, 22 N. E. 1022, the court, in order to show that the landowner had not been deprived of his property by the tax sale without that opportunity to be heard which the constitution requires, pointed out that he could have applied to the comptroller under the said statute to cancel the sale and in that way secured a hearing as to the validity of the tax and all subsequent proceedings; and in the later case of the same title (145 N. Y. 451) it was said that at all events when the state was the purchaser "it was open to the owner to come before the comptroller and make proof of the invalidity of the sale." But again later in People v. Roberts, 151 N. Y. 542, 45 N. E. 941, where the state was the purchaser, it was held that the landowner could not apply to or require the comptroller to cancel the sale in any case. Before the present suit was brought there was a revision and codification in part of our tax laws, in which it was provided that if the comptroller "shall not discover that the sale was invalid until after a conveyance of the lands sold shall have been executed he shall, on application of any person having an interest therein at the time of the sale," cancel the sale and refund "the purchase money." Chapter 711, § 20, Laws 1893. But the word "therein" was construed to mean "in the purchase money" and not "in the land," or "in the sale." People v. Roberts, 144 N. Y. 234, 39 N. E. 85. By the complete revision and codification of our tax laws enacted since this suit was begun, the owner is expressly allowed to apply to the comptroller for such cancellation, except in counties containing any of the forest preserve. Tax Law, § 140. But it seems to me that this suit is maintainable without any regard to the statute. The statement to the contrary by the learned judge writing in Clark v. Davenport is said to be obiter by the learned judge writing in People v. Chapin in the erroneous or disputed particular already referred to, and is, it seems to me, obiter in every respect.

In the case of People v. Roberts, supra, the learned judge there writing says:

"If the sale is invalid, his [the plaintiff's] title is not affected, and he may keep and defend his possession, or, if put out of possession, he may regain it by action of ejectment."

As in that case the state was the purchaser, this observation may seem to mean that the plaintiff there could bring an action of ejectment against the state, and if that was meant, then this present action could also have been brought against the state; and if that be so, then it may be that no cause of action is stated against the present defendants, but against the state. But was not this observation also obiter? Or, if not, does it not mean that an action of ejectment could be brought against the state official or agent in possession, as was the case in U. S. v. Lee, supra? If so, it is an authority for the present suit.

3. It seems to me that the commissioners of the land office are proper parties defendant. They are by statute given "the general care and superintendence of all state lands, the superintendence whereof is not vested in some other officer or board." This seems to embrace all state lands not placed by statute under the care and superintendence of the board of fisheries, game and forest. Fisheries, Game and Forest Law, § 271. Their official interest in the land here in dispute makes them proper defendants, or at all events proper, though it may be not necessary, co-defendants with the comptroller. In equity it is proper to make every one with an apparent or possible interest parties. But the demurrer being joint it is enough if the complaint states a cause of action against the comptroller.

The demurrer is overruled.