(No. 5110. July 21, 1928.)

IRA B. HORNE, Appellant, v. E. J. BEATON, Respondent.

[269 Pac. 89.]

J. Ward Arney and N. D. Wernette, for Appellant, cite no authority on points decided.

Ezra R. Whitla and Wm. D. Keeton, for Respondent.

BUDGE, J.—At a general election held November 2, 1926, appellant and respondent were candidates for the office of sheriff of Benewah county. After the votes were canvassed and respondent was found to have received a majority, appellant filed a complaint contesting the election and setting forth numerous grounds of contest. Coincident with the filing of his complaint, appellant presented to the clerk of the court a bond purporting to be in compliance with C. S., sec. 7281, requiring that:

"The contestant must also file a bond, with security to be approved by the clerk of the court or district judge, as the case may be, conditioned to pay all costs in case the election be confirmed, the complaint dismissed, or the prosecution fail."

The bond was deemed by the clerk to be insufficient, and he suggested that it be presented to the district judge but appellant declined to do so. Thereafter, respondent filed a motion to dismiss the proceedings, claiming that no good and sufficient bond had been filed as required by statute, and that the bond filed was not approved by anyone but was distinctly disapproved. The motion to dismiss was set for hearing at the courthouse in Coeur d'Alene, Kootenai county, on December 18, 1926, but appellant objected to its being heard outside of Benewah county, and after a continuance of the hearing to December 20, the court sustained appellant's objection to the matter being heard outside of

Benewah county, and it finally came on for hearing in May, 1927, at St. Maries, Benewah county, where, on July 1, 1927, the district judge made and entered the following order:

" . . . . After considering the argument of counsel, the briefs filed, and being well and fully advised in the law and the premises, the court finds that the defendant's (respondent's) motion to dismiss this proceeding should be, and this proceeding hereby is dismissed at plaintiff's costs, taxed at the sum of $3.''

From this final judgment of dismissal appellant did not appeal; neither did he incorporate the same in his transcript on appeal. From the record it appears that appellant had a second and subsequent judgment of dismissal entered on July 19, 1927, and it is from the latter judgment that the present appeal is prosecuted.

Respondent has filed in this court a motion to dismiss the appeal, upon the ground and for the reason that the district court, upon the entry of its final judgment dismissing the proceedings on July 1, 1927, was divested of any further jurisdiction except to enforce that judgment and to certify the necessary papers on appeal therefrom. We think the point is well taken, and the appeal must be dismissed. It is so ordered. Costs to respondent.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.