(No. 6571. February 10, 1939.)

R. E. JUDY, Appellant, v. REILLY ATKINSON & COMPANY, INC., a Corporation, Respondent.

[87 Pac. (2d) 451.]

Chapman & Chapman, for Appellant.

Hawley & Worthwine, for Respondent.

MORGAN, J.—It appears from the pleadings that on or about March 9, 1931, appellant and respondent entered into a written contract whereby the latter employed the former to act as its agent and salesman in the Twin Falls territory; that appellant was to be paid $125 a month, and his reasonable expenses when away from Twin Falls in the discharge of his duties, and that he was also to receive one-half the profits of all sales made by him after deductions had been made therefrom for the cost of handling the sales by respondent, the salary of appellant, his expenses, warehouse expenses, insurance, taxes and other reasonable items. The employment was terminated on or about September 16, 1932. Apparently controversy arose between the parties as to whether deductions should be made, in arriving at the profits, of uncollectible accounts for sales made by appellant during the entire period the contract was in force, or whether profit and loss should be computed on each transaction separately.

September 24, 1935, the cause being at issue, the judge made an order that it be referred to Frank J. Kester, a notary public, as referee to take and state the account of all dealings and transactions between the parties arising out of the contract. The date fixed for hearing before the referee was March 2, 1936. January 31, 1936, counsel for the parties joined in an application to the judge wherein they asked him to determine the meaning of the contract and modify, change or amplify his instructions to the referee in the following particulars:

"(1) Whether or not in arriving at the amount due, if any, from defendant to plaintiff under the terms and provisions of the contract in question, the accounting should

be upon the basis of the total expenses for the entire period the plaintiff was employed by the defendant under the terms of said contract, deducted from the gross receipts of all of the transactions during said period, or

"(2) Whether or not in arriving at the amount due, if any, from defendant to plaintiff under the terms and provisions of the contract in question, the accounting should be upon the basis of the total expenses incurred in connection with each individual transaction under the terms and provisions of said contract, deducted from the total receipts of each individual transaction, or

"(3) Whether or not in arriving at the amount due, if any, from defendant to plaintiff under the terms and provisions of the contract in question the contract is so ambiguous, indefinite and uncertain that the Court cannot determine from the terms and conditions of said contract upon what basis the accounting should be had and that it will be necessary for the Referee to resort to oral testimony to determine the intent of the respective parties thereto."

An order was made granting counsel time in which to prepare, serve and file briefs on the questions propounded to the judge, and his decision thereon is shown by the minute entries, dated November 30, and December 4, 1936. The minute entry of November 30, is as follows:

"In this cause on application of counsel for respective parties for directions to the referee, the Court at this time rendered its decision and found in the negative as to questions 1 and 3 and in the affirmative as to question 2 as per written memorandum decision on file herein."

The memorandum of December 4th, recites:

"In this cause, the Court handed down a supplemental memorandum decision modifying its memorandum dated November 30, 1936, by holding that question 1 as therein set forth should be answered in the affirmative, and that questions numbered 2 and 3 should be answered in the negative; directing that the Referee be so instructed by Directions to Referee to be prepared by counsel for defendant."

December 7, 1936, the judge made an order that the referee proceed at some convenient time to an examination of the necessary books, records and data of the defendant and make

his findings and report the same to the court upon the following basis:

"(1) The orders taken by the plaintiff for the defendant shall be listed separately and the condition of the accounts, i. e., the amounts paid thereon by the purchasers, shall be separately itemized and a total found of actual payments and also of moneys uncollected; the dates of various orders shall also be reported.

"(2) The Referee shall find and itemize the various elements of expense chargeable against the orders taken by the plaintiff, including the total of uncollected accounts as arrived at in the previous paragraph.

"The court finds that the contract between the parties is not ambiguous—that under it the plaintiff is entitled to one-half of the profits actually made from orders taken and business done by him for the defendant; that uncollected accounts are to be taken into consideration as charges against the total receipts of the defendant from the business done; that the plaintiff is not entitled, under the contract, to profit on any single transaction but only upon the whole volume of business done by him, and that therefrom must be deducted the various items of expense, including uncollected accounts."

It does not appear that any further action was taken in this case until January 3, 1938, on which date counsel for appellant telegraphed the judge as follows:

"Relative Judy v. Reilly Atkinson and Company Stop In view of courts previous ruling on instructions to referee the plaintiff hereby refuses to plead further in said matter."

Judgment of dismissal was entered, from which plaintiff appealed.

He assigns as error the action of the judge in directing the referee, as heretofore quoted, with respect to the basis and contents of his findings and report. The entry of judgment of dismissal is not assigned as error.

The judgment appealed from is not on the merits of the case, but is one of dismissal for failure to prosecute the action. It is based on the theory the action was abandoned by plaintiff. If the judge was justified in adopting that theory, the judgment of dismissal is correct and its entry does not entitle appellant to have the direction to the referee,

which does not affect the judgment, reviewed. I. C. A., sec. 11–219, contains the following:

"Upon an appeal from a judgment the court may review the verdict or decision and any intermediate order or decision, if excepted to, which involves the merits or necessarily affects the judgment, . . . . "

In *Hill v. Porter*, 38 Ida. 574, 223 Pac. 538, par. 4 of the syllabus is as follows:

"It is presumed that the decree of a district court is regular and valid; and the burden of establishing error is on the party alleging it."

See, also, *Donahoe v. Herrick*, 44 Ida. 560, 260 Pac. 150, and 5 C. J. S. 262, sec. 1533, wherein it is said:

"It is a general rule of wide application that an appellate court will indulge all reasonable presumptions in favor of the correctness of the judgment, order, or decree from which the appeal was taken. In other words it will be presumed on appeal, absent contrary showing, that the trial court acted correctly and did not err, and that the court will correctly settle such questions as may arise in further proceedings in the cause. Indeed error is never presumed on appeal, but must be affirmatively shown by the record; and, since the appellate court need not search the record for possible errors, the burden of so showing it is on the party alleging it, or, as sometimes stated, the burden of showing error affirmatively is upon appellant or plaintiff in error. Appellant or plaintiff in error, under the foregoing rule placing the burden upon him to show error, must show that the record will not support the judgment on any theory."

The judgment is as follows:

"Title of the Court and Cause."

"Judgment of Dismissal."

"It appearing that no pleading has been filed and no action taken in the above entitled cause for more than one year prior to this date and no good cause having been shown for such action, and that the cause is subject to dismissal for that reason under Rule 9 of the Rules of this Court, and it further appearing that the plaintiff refused and neglected to appear before the Referee, Frank Kester, on the date

January 3, 1937, set for hearing before the Referee, the defendant being there present through its counsel, and it further appearing that the plaintiff refuses to plead or appear further in the prosecution of this action,

"THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the above entitled cause be and the same is hereby dismissed.

"Dated this 4th day of January, 1938.

"CHARLES E. WINSTEAD,
"District Judge.

"(Filed: January 4, 1938.)"

The record before us does not contain a copy of district court rule No. 9, nor is anything to be found in it relative to the contents of that rule other than as appears in the judgment. We cannot take judicial notice of the rules of district courts. (*Peters v. Walker*, 37 Ida. 195, 215 Pac. 845.)

The judgment, according to the language employed in expressing it, is based, in part at least, on district court rule No. 9, and it is our duty to proceed on the theory and presumption the rule supports the judgment. If that rule provides, as it is our duty to assume from the language of the judgment it does, a case is subject to dismissal, where no pleading has been filed therein and no action taken with respect to it for more than one year, and no good cause is shown for failure to proceed with it.

The record fails to disclose any action taken in this case for more than a year prior to the entry of judgment of dismissal thereof, nor does it disclose any reason for failure on the part of appellant to prosecute the case to judgment, other than dissatisfaction with the direction to the referee as to his duties. Furthermore, I. C. A., sec. 7–705, provides:

"An action may be dismissed, or a judgment of nonsuit entered, in the following cases:

. . . .

"3. By the court, when the plaintiff fails to appear on the trial, and the defendant appears and asks for the dismissal."

The judgment appealed from is affirmed. Costs are awarded to respondent.

Ailshie, C. J., and Givens and Holden, JJ., concur.

Budge, J., concurs in the conclusion.