(No. 7054. July 14, 1943.)

WM. RODDY and MINNIE E. RODDY, his wife, and A. C. BECKER and BEATRICE BECKER, his wife, respondents, v. STATE OF IDAHO; and CALVIN E. WRIGHT, State Auditor, in his official capacity as State Auditor of the State of Idaho; and MYRTLE P. ENKING, State Treasurer, in her official capacity as State Treasurer of the State of Idaho; and GEORGE W. WEDGWOOD, Commissioner of Finance, in his official capacity as Commissioner of Finance of the State of Idaho; and CALVIN E. WRIGHT, and MYRTLE P. ENKING, and GEORGE W. WEDGWOOD, individuals, Appellants.

[139 Pac. (2d) 1005.]

138

140

Bert H. Miller, Attorney General; Leo N. Bresnahan, J. R. Smead, Ariel L. Crowley, and R. W. Beckwith, Assistant Attorneys General, for appellants.

Wm. D. Keeton for respondents.

DUNLAP, J.—Respondents bring this action against appellants to quiet their title to certain real property particularly described in the complaint, and located in Benewah County, Idaho, and which property is within and a part

of Drainage District No. 6 of said county, and to quiet their title as against appellants to certain warrants issued by said drainage district from July 10, 1931, to and including March 31, 1932, as follows, to-wit: No. 42 to G. A. Titus in the sum of $34.00; No. 99 to A. C. Becker, in the sum of $500.00; No. 100 to A. C. Becker, in the sum of $500.00; No. 104 to Elmer Smith in the sum of $100.90, and No. 106 to Benewah Sec. Co., for $52.50.

A joint demurrer to the complaint was interposed by all the defendants, and after hearing thereon, the court made an order that the state could not be sued without its consent, and for that reason sustained the demurrer as to the state, and in said order found that the demurrer of the state officials in their official capacities and as individuals was not well taken, and overruled the demurrer of said persons, who are appellants here. The ruling of the court on this demurrer is not assigned as error.

Thereafter, appellants in their official capacities as such, and in their individual capacities, filed an answer, alleging that they, in their official capacities, and the state of Idaho, claim said warrants as escheated property by reason of the failure of the heirs of one Thomas Lyons, deceased; that said warrants constitute a cloud on the title of said real property; they alleged possession of said warrants and that they are a lien on the respondents' said land; as a further defense, they alleged the state is a necessary party, that consent to the action had not been given, and that to permit the action to proceed is to allow an action against the state by indirection, and would deprive the state and its officials of sovereign rights of immunity.

The cause was tried before the court without a jury, and motions, duly made by appellants for nonsuit, were denied by the court. Thereafter, the court entered its findings and conclusions and rendered its judgment and decree thereon to effect that the appellant officials as such, and as individuals, have no right, title, claim or interest whatever in and to said land, and in and to said warrants; that the respondents' claim, title and interest in and to said land is superior and prior to the claim of appellants; that the warrants never escheated to the State of Idaho, nor to any of said officials, and that appellants' claim to said warrants, is groundless; that they be forever barred and enjoined from asserting any claim to said land and/or warrants; that the

possession of said warrants by appellants constitutes no cloud on respondents' title to said land, and that appellants have no legal claim to said warrants.

The appeal is from the judgment.

Appellants have enumerated assignments of error as follows: (1) In Finding No. 7, to effect that appellant State of Idaho, has no right, title, or interest in the warrants, and that said warrants never escheated to the State of Idaho, and that the State Auditor and State Treasurer had no authority under the law to receive them; (2) in Finding No. 10, that warrants Nos. 99 and 100 were held by the Lumberman's State Bank & Trust Company to secure a loan of respondents in the sum of $2500 upon a note dated June 23, 1932; (3) in Finding No. 12 that the State of Idaho was not the owner of said warrants; (4) in not granting the motion for nonsuit; (5) in not admitting into the evidence a certain conversation of respondent Roddy regarding the security for the $2500 note and in not admitting into the evidence the report of the liquidator of the bank for March, 1934.

Other errors are suggested in the argument contained in appellants' brief. Such method of raising these questions does not conform to Rule No. 52 of this court.

Appellants suggest, but do not designate as error, the court's ruling quieting title to the land in respondents, however, we will nevertheless pass upon this contention.

It is the claim of appellants that the warrants are a lien against the premises and that the lien is in no way affected by the ownership of the warrants. No authority is cited to sustain this contention. These warrants were issued as obligations of the drainage district, to various payees, and there is no evidence that the district ever executed, or intended to execute, a lien or pledge of any kind to secure payment thereof, and certainly respondents' land, even though in the district, could not be pledged by the district or its officials, and thus would not be a lien unless under some provision of the law. The drainage district law of this state makes certain drainage district assessments liens against the land therein (*McDonald v. Pritzl*, 60 Ida. 354, 93 P. (2d) 11.) There is no evidence of any unpaid assessments of the district against this land. We find no provision of our law whereby these particular warrants could be held to be liens against the lands involved.

Ownership of the land in respondents was shown by deeds received into the evidence, and respondents had been paying taxes on the land since 1930. Appellants never claimed any interest in the land, other than the assertion of claim of lien thereon by reason of the warrants. The court's finding, conclusion and decree quieting in respondents title to this land, as against appellants, are sustained by the evidence and the law.

As to the assignment No. 1, alleging error in Finding No. 7, all parties claimed title and ownership in and to the warrants. Under the pleadings in the case, it was incumbent upon each party to prove title and ownership thus claimed. The court did not find that the warrants were the property of respondents; respondents have not cross-appealed and therefore, on this point, our attention will be directed to the finding that the State of Idaho has no right, title or interest in the warrants; that it is not the owner thereof; that said warrants were no part of the public school funds, and never escheated to the state, and the State Auditor, and State Treasurer had no authority under the law to receive them.

The state's claim of ownership and interest in the warrants is on the ground it acquired the same as escheated property by reason of lack of heirs of one Thomas Lyons, deceased. This estate was administered on by the public administrator of Benewah County, and at the time of the trial, had not been decreed; there had been no determination of heirship; the administrator had not been ordered to pay or to transfer the estate property to the state; no distribution had been made.

Sec. 15-1613, I.C.A., provides: "After a final settlement of the affairs of any estate, if there be no heirs or other claimants thereof, the administrator must pay into the State Treasury any and all moneys and effects in his hands belonging to the estate, such moneys and effects shall be placed in the escheat suspense fund and shall remain therein for a period of eighteen months during which time claim may be made therefor in the manner provided by sec. 15-1329; provided, that if the certificate authorized by sec. 15-1329 is not presented to the State Auditor within eighteen months after such moneys and effects have been paid into the state treasury, they shall be apportioned to the public school fund."

A copy of the inventory and appraisement of the estate is in the files, and it does not show these warrants as being a part thereof. Witnesses Ira G. Murphy, and Mrs. Lulu Swisher, administered on this estate as public administrators of their county; the administration was started by Mr. Murphy, who filed the inventory thereof. He testified the estate consisted entirely of cash in the First National Bank of St. Maries, and that the warrants were not a part of this estate; that he got the warrants as collateral for security of county funds (chap. 1, title 55, I.C.A.) and subsequently they were sent to Harry C. Parsons, State Auditor.

The custody of these warrants so pledged was, by sec. 55-119, I.C.A., vested in the County Auditor, and under this section it was his duty to retain possession of them. No provision of the law vesting in the State Auditor the possession or right to possession of collateral pledged in this manner, has been called to our attention. It is clear that neither the state nor the State Auditor acquired any right or title therein by the mere act of the county officials in transferring possession thereof in the manner related. It is likewise apparent that as the warrants were never a part of the Lyons estate, they did not pass to the state from that source, and even if they had been the property of the estate, title and right to ownership and possession would not pass from the administrator to the state as claimed, until the determination of heirship and decree of distribution.

While the Probate Court files contain a receipt for these warrants by appellant Enking, as State Treasurer, to say the most, such receipt would only be evidence for consideration. Under the evidence, the court was justified in holding the warrants were never a part of the Lyons estate.

The evidence supports said Finding No. 7, and we are not at liberty to interfere therewith. (*Breding v. Board of County Commissioners of Power County,* 55 Ida. 480, 44 P. (2d) 290.)

With respect to Finding No. 3, it follows from what has been said, that we must and do find this assignment to be without merit. The evidence supports the finding to effect the state was not the owner of the warrants.

With respect to the finding and ruling of the court set out in specifications II and V respectively, the court found

that warrants 99 and 100 were held by the Lumbermen's State Bank & Trust Co., to secure a loan of respondents in the sum of $2500.00 upon a note dated June 23, 1932, (Finding No. 10). Respondent Roddy testified he and respondent Becker had borrowed $2500.00 from this bank to finance the construction of the drainage district. This loan was evidenced by the note of respondents to the bank in said amount. Respondent further testified that thereafter, the note was sold by the bank to the Reconstruction Finance Corporation; that the bank closed its doors and was liquidated; that he and Becker put up as security for the payment of the note, drainage district warrants in the sum of about $2495.00; that after the note had been assigned to the finance corporation, respondents were approached for payment, and when they could not pay, were asked for security; he advised the R.F.C. that the note had been secured with warrants of the district in the sum of about $2500, and that the warrants were supposed to be with the note. He was then told by the R.F.C. agent that the R.F.C. had not received the security. Respondent Roddy approached the cashier of the bank about the security and was told he did not know where it was, and that he could not get it right then. The R.F.C. agent insisted upon further security, and respondents, pursuant thereto, pledged additional warrants in the sum of $2300.00; these warrants were later returned when the note was paid to the R.F.C. However, respondents did not get back all of the security they had given to the bank originally, including two $500 warrants. Respondent Roddy later learned these two warrants were in possession of the state, at Boise. He testified warrants nos. 99 and 100, payable to respondent A. C. Becker, were put up with the other warrants which were originally given as security for the $2500 note. This testimony was not contradicted, and we hold it is sufficient to support the court's Finding No. 10 alleged as error in assignment No. II.

In assignment No. V, it is also claimed the court erred in not admitting evidence of a conversation between respondent Roddy and appellant Wedgwood, regarding security for the $2500 note. After respondent Roddy's testimony with respect to the matters above related, appellant Wedgwood, who was also one of the liquidating agents for the Lumbermen's State Bank & Trust Co., was put on the stand, and he testified he remembered a conversation with respondent Roddy regarding collateral for the

$2500.00 note; he thought the conversation was in 1933. He was asked to state the conversation and the court sustained an objection to its admissibility on the ground it was irrelevant, incompetent, and immaterial, and no foundation had been laid; that respondent Roddy had not been asked about the conversation with the appellant Wedgwood. No offer of proof was made by appellants, and there is no indication as to what the witness's testimony would have been. Where no statement is made of what a witness would testify to in answer to a question, the refusal of the court to permit the question to be answered is not available error. (*Herring v. Davis*, 47 Ida. 211, 273 P. 757; *Idaho Farm Development Co. v. Brackett*, 44 Ida. 272, 257 P. 35; *Snead v. Tietjen*, 3 Ariz. 195, 24 P. 324.)

In the case of *Snead v. Tietjen*, 3 Ariz. 195, 24 P. 324, the court said: "It is not shown what answers would have been made by the witnesses and we cannot assume that they would or would not have been favorable to appellant. If the answers would have been adverse to the appellant, he would not have been injured and cannot complain; and if the answers would have been favorable, the record should have shown the fact to have disclosed the error. The parties alleging the error must establish it."

Prejudice to appellants and error of the court in the ruling have not been shown.

In assignment V, appellants charge the court committed error in not admitting into the evidence, report of the liquidator of the Lumbermen's State Bank & Trust Co., for the month of March, 1934. This exhibit, as stated by appellants at the time of offer, was to show the public administrator of Benewah County paid $110 for certain warrants. Appellant Wedgwood testified it was a report made to the Department of Finance by him, from other records. Under the showing made, the court did not err in rejecting the exhibit. The exhibit was not competent for the purpose offered, or what was paid for the warrants, even though material primary evidence of the fact sought to be established was apparently available by the testimony of the public administrator who was present in court. It is elementary that the best evidence of which the case in its nature is susceptible, and which is within the power of the party to produce, must be adduced in proof. Secondary evidence is never admissible unless it is made manifest that

the primary evidence is unavailable. (20 Am. Jur., p. 364, sec. 403.)

We find no merit in appellants' assignment IV to the effect the court erred in not granting appellants' motion for nonsuit.

This motion admitted the existence of every fact disclosed or inferable from plaintiffs' evidence. (*Seventh Day Adventist Association v. Hartford Fire Ins. Co.*, 26 Ida. 712, 145 P. 502.)

In passing on this motion, the court was required to assume that all evidence introduced on behalf of plaintiffs, was true. (*Martin v. Brown*, 56 Ida. 379, 54 P. (2d) 1157.)

There was evidence by respondents of their ownership and title to the real property, and also of and to the warrants. It was proper for the court to deny the motion and to decide the case on the evidence presented.

Having determined the warrants here were not liens against the premises, it will be unnecessary to pass upon the appellants' contention the warrants are unpaid by the district; such fact would not strengthen appellants' claim they are liens against the land, or that they escheated to the state as property of the estate of Thomas Lyons, deceased; and, as heretofore stated, it was upon the theory that the warrants escheated to the state, that the claim of appellants is based. Parties are generally restricted in the Appellate Court, to the theory on which the cause was prosecuted or defended in the lower court. (4 C.J., p. 662, sec. 2556; *Chamberlain v. Ivens*, 36 Ida. 235, 210 P. 580; *Hindman v. Oregon Short Line R. R. Co.*, 178 P. 837; *Brown v. Harden*, 31 Ida. 112, 169 P. 293.) Under this rule, any question as to whether the warrants were or were not paid by the district, is eliminated from this case, and this ruling of the trial court, if it is an error, is not prejudicial and will not warrant a reversal of the judgment. (*W. T. Rawleigh Co. v. Van Duyn*, 32 Ida. 767, 188 P. 945.)

The further defense of appellants wherein it is claimed the state is a necessary party, that consent to the action had not been given, and that to permit the action to proceed is to allow an action against the state by indirection, and would deprive the state and its officials of sovereign rights of immunity, is without merit, and not sustained by the evidence. The suit by respondents was properly main-

tainable. (*Salem Flouring Mills v. Lord, et al.*, (Ore) 69 P. 1033, 70 P. 832; *Bean v. Stoddard*, 2 F. (2d) 62; *Sanders v. Saxton*, 67 N.Y.S. 680; *Fidelity & Deposit Company of Maryland v. Shaid*, 137 S.E. 878; *Louisville & N. R. Company v. Bosworth*, 209 F. 380; Ex parte Tyler, 149 U.S. 164, 37 Law Ed., 689; *Scott v. Donald*, 165 U.S. 58, 41 Law Ed., 632; *Utah Construction Co. v. State Highway District*, 23 F. (2d) 638; *Strain v. U. S. Fidelity & Guaranty Co.*, 292 F. 694, affirmed by the United States Supreme Court, 68 Law Ed., 854.)

It does not appear from the record the trial court committed error in this case, which was in any way prejudicial to appellants.

The judgment is affirmed.

No costs awarded.

Holden, C.J., and Givens, J., concur.

Budge, J., concurs in the conclusion reached.

Ailshie, J., dissents.