283 P.2d 1105

Ben LYON and Ida Lyon, his wife,
Plaintiffs-Appellants,

v.

STATE of Idaho and Board of Education of
the State of Idaho, Defendants-
Respondents,

Bannock County et al., Defendants.

No. 8203.

Supreme Court of Idaho.

May 10, 1955.

Rehearing Denied June 9, 1955.

F. E. Tydeman, Anderson & Anderson, Pocatello, for appellants.

Zener & Peterson, Pocatello, for respondents.

KEETON, Justice.

In this proceeding respondents claim that the Board of Education of the State of Idaho and the State of Idaho are immune from suit, and that an action to quiet title to certain lands cannot, because of such sovereign immunity, be maintained against them, or either. Also, because of a delay in bringing the matter to trial, the case was properly dismissed for lack of timely prosecution.

The action was commenced January 5, 1942. The respondents State of Idaho and the Board of Education of the State of Idaho filed a demurrer on January 29, 1942, challenging the jurisdiction of the court to hear the matter. The case not being diligently prosecuted was stricken from the calendar and apparently hibernated until October 2, 1953, when respondents moved that the cause be reinstated, which was done. A motion by respondents to dismiss the action for lack of prosecution was then filed and the demurrer of respondents argued. The trial court sustained the demurrer and dismissed the action as to the State Board of Education and the State of Idaho, and thereafter sustained the motion to dismiss for lack of timely prosecution. Appeal was taken from the judgments.

Appellants in their brief have evidently abandoned the claimed right to maintain the action against the State of Idaho. We quote from their brief as follows: "It is conceded here that the State of Idaho cannot be sued and was so conceded at the time of argument." (Referring to the argument before the trial judge.) Hence we shall not discuss or decide whether the respond-

ent State of Idaho is immune because of sovereignty from a suit of this nature, but shall limit the decision to the claimed right to maintain the action against the Board of Education of the State of Idaho.

Suits of a similar nature as the one now being considered have been sustained against the State, branches of State government, and various State Boards, where, as a defense, sovereign immunity was claimed.

■ A suit to quiet title to land allegedly owned by appellants and to which the Board of Education of the State of Idaho allegedly asserts a claim, is not a claim against the Board of Education, or the State, to which it can interpose sovereign immunity as a defense. Roddy v. State, 65 Idaho 137, 139 P.2d 1005, and authorities cited therein; State ex rel. Black v. State Board of Education, 33 Idaho 415, 196 P. 201; 59 C.J. 282, Sec. 429; 81 C.J.S., States, § 194, p. 1260; Section 33–3802, subd. (b), I.C.

The appellants by the proceeding are asserting no claim against the sovereignty, but are attempting to retain what they allegedly own.

Hence the contention that such proceeding deprives the State, its officials or boards, of sovereign rights of immunity, is without merit.

■ Was the cause properly dismissed for lack of prosecution? It should be noted that respondents made the motion to have the cause revived and placed on the calendar. Shortly thereafter the demurrer was argued and ruling made. There was nothing asserted that would indicate that respondents had lost any rights or had been prejudiced in any manner by the delay. The fact that the prosecution of the action was delayed for a considerable length of time would not in itself and standing alone be conclusive of the matter and respondents would not be entitled to a summary dismissal, over objection, where no prejudice was asserted or shown, or other sufficient reasons for dismissal made to appear. There was nothing presented before the trial court that would indicate that appellants had unreservedly abandoned the action.

■ Further, on sustaining the dumurrer and dismissing the action, the court had no jurisdiction to enter a subsequent judgment dismissing the case a second time on other grounds, the first judgment of dismissal being a final judgment. Horne v. Beaton, 46 Idaho 541, 269 P. 89.

The judgments appealed from are reversed and the cause remanded with instructions to the trial court to reinstate the cause, overrule the demurrer of the State Board of Education, and proceed from there. Costs to appellants.

TAYLOR, C. J., and PORTER and SMITH, JJ., concur.

ANDERSON, Justice, (dissenting).

The majority opinion states:

"The trial court sustained the demurrer and dismissed the action as to

the State Board of Education and the State of Idaho, and *thereafter* sustained the motion to dismiss for lack of timely prosecution. * * * Further, on sustaining the demurrer and dismissing the action, the court had no further jurisdiction to enter *a subsequent judgment* dismissing the case a second time on other grounds, the first judgment of dismissal being a final judgment." (Emphasis added.)

The transcript before us in this case discloses that the district court minutes for March 22, 1954, Book 29, p. 161, Records of Bannock County, Idaho, relative to this case, in addition to the formal parts, contain only: "Dismissed for lack of prosecution." No mention whatsoever is made of a demurrer or ruling thereon. There is an order of dismissal of the action for lack of prosecution dated and filed March 22, 1954, and an order sustaining a demurrer and dismissing action also dated and filed March 22, 1954. Both of these orders were filed *simultaneously,* both being marked "Filed at 2:56 p.m."

After the filing of the complaint January 5, 1942, and the demurrer on January 29, 1942, and striking the case from the calendar in 1943, nothing further was done until October 2, 1953, when respondents moved to reinstate the case on the court's docket and then moved to dismiss it for lack of prosecution. Over eleven years elapsed during which appellants took no action, nor have they made any attempt to explain or excuse the unreasonable delay and failure to promptly prosecute this action.

It was not the fault of respondents that appellants were extremely dilatory, yet the majority opinion places the burden upon respondents and would require them to show they were injured by the delay of more than eleven years, rather than to require appellants to explain and justify their own delay.

Trial courts and those who want to have prompt and speedy disposition of their cases should not be handicapped with such old cases as this one cluttering up their calendars. Cases should either be tried or dismissed within a reasonable time, or any unreasonable delay be justified by the delayer.

Section R 1-1604, I.C., provides that courts of record may make rules not inconsistent with the laws of this State for their own government and the government of their officers. In 1952, Uniform Rules of District Courts of the State of Idaho were adopted. Rule 79 thereof provides as follows:

"Any case or proceeding in which no action has been taken or in which no pleading has been filed for one year will be dismissed by the Court on the call of the calendar upon the opening day of any subsequent term, *unless good cause for retention on the calendar is shown.*" (Emphasis added.)

In the case of Judy v. Reilly Atkinson & Co., Inc., 59 Idaho 752, at page 758, 87 P.2d 451, at page 454, the Court stated:

"The record fails to disclose any action taken in this case for more than a year prior to the entry of judgment of dismissal thereof, nor does it disclose any reason for failure on the part of appellant to prosecute the case to judgment, other than dissatisfaction with the direction to the referee as to his duties. Furthermore, I.C.A., sec. 7–705 provides:

" 'An action may be dismissed, or a judgment of nonsuit entered, in the following cases:

*     *     *     *     *     *

" '3. By the court, when the plaintiff fails to appear on the trial, and the defendant appears and asks for the dismissal.' "

In my opinion, a person who files a law suit and takes no action for eleven years is presumed to have abandoned it. Even a man who disappears and is not heard from for seven years is presumed to be dead. If abandonment does not take place in eleven years, when does it? We cannot condemn and yet condone unreasonable delay.

The judgment of dismissal for lack of prosecution should be affirmed.

### On Petition for Rehearing

KEETON, J.

Petition for rehearing was filed on behalf of respondents in which it is claimed that sovereign immunity from suit is a defense to the action; that a suit to quiet title to land against the Board of Education of the State of Idaho is, in effect, a suit against the State itself. While there may be authorities to the contrary, the following holdings, in addition to those cited, support the opinion as written: Tindal v. Wesley, 167 U.S. 204, 17 S.Ct. 770, 42 L. Ed. 137; United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171.

Petition for rehearing is denied.

TAYLOR, C. J., and PORTER and SMITH, JJ., concur.

ANDERSON, J., concurs in the above statement, but is of the opinion rehearing should be granted on other grounds.