347 P.2d 993

Clem R. WOODARD, d/b/a Woodard Electric Shop, Plaintiff-Appellant,

v.

John D. HUGGINS, Barbara L. Bankey, James S. Huggins, Ben F. Huggins, Jr., Maude E. Long, Gladys E. Huggins, and Mary L. Grant, individually, and as heirs of Ben F. Huggins, deceased, and Green Top Dairy Farms, Inc., a Washington Corporation, Defendants-Respondents.

No. 8795.

Supreme Court of Idaho.

Dec. 23, 1959.

McCarthy & Adams, Lewiston, for appellant.

J. H. & Warren Felton, Lewiston, for respondent.

SPEAR, District Judge.

Appellant brought this action to foreclose a mechanic's and materialman's lien for labor and materials allegedly furnished in the improvement of certain real property in Lewiston, by filing his original complaint January 29, 1952, and his amended complaint March 6, 1952. June 8, 1953, the trial court overruled respondents' demurrer to the amended complaint; respondents thereafter filed their answer setting up affirmative defenses. Appellant, having answered the affirmative defenses, the cause was at issue as of July 15, 1953.

January 14, 1959, certain of the respondents moved the trial court for an order dismissing the case for lack of prosecution, which the court granted and thereupon January 19, 1959, entered an order dismissing the action.

No appeal was taken from this order of dismissal.

One week later, January 26, 1959, appellant petitioned the trial court for further consideration of the dismissal, and for reinstatement of the action. This petition was based "upon the records and files of the above-entitled cause and the affidavits submitted herewith." Appellant, by affidavit of his attorney in support of the petition, admitted that the action had been in litigation for some considerable time, but

attempted to justify the delay by the fact that companion cases involved many divergent interests which required protracted litigation, and consumed great amounts of time; he alleged his due diligence in procuring the lien and in prosecuting the foreclosure action, in the light of the surrounding circumstances; he contended that on February 15, 1957, he wrote the presiding trial judge requesting that the matter be set for trial, and that in answer thereto, the judge indicated that he might be able to hear the case during May or June, 1957, and would keep appellant advised in that regard; he further alleged interim negotiations for settlement of the action and copies of correspondence attached to the affidavit indicated negotiations as late as December 3, 1957.

Appellant further alleged that counsel for respondents had indicated that the lien would be satisfied at the time of the sale of the property; that an early sale was in prospect, and that appellant relied upon such assurance, feeling his rights were adequately protected by the lien, rather than burden the court with undue litigation; and alleged that the case would have been set for trial had the court notified appellant of a convenient trial date.

Appellant further alleged that settlement negotiations were carried on primarily with Attorney William J. Jones, then associated with J. H. Felton, one of respondents' present attorneys, but that during the negotiations, such association was dissolved.

Respondents by counter affidavit of their attorney, J. H. Felton, alleged that since July 1953, the action was called at each calendar call; that the presiding judge indicated that the cause should be either set for trial or dismissed and, that after such a calendar call, respondents filed their motion for dismissal; they then alleged there had been no activity in this case during the year 1958, and that the 1957 negotiations, and the letters substantiating the same, attached to the affidavit of appellant's attorney, were not in reference to the settling of the foreclosure action, but for the purpose of clearing all clouds in the title to the property involved; that such activity had nothing to do with the merits of the case or the trial thereof. Respondents further alleged two matters, both of which they contended would afford them a complete defense to appellant's claim if heard on the merits; they further asserted that this particular suit was prosecuted only to arrange settlement; and finally, that the foreclosure suit is without merit; that appellant had been extremely dilatory, and that the suit was not maintained in good faith, but only to cloud the title to the real property.

The trial court, March 9, 1959, after considering the motion for reinstatement, entered the following order:

"The cause having been dismissed by the Court for lack of prosecution on the 19th day of January, 1959, and plaintiff having asked the Court to reconsider the matter, and more than ten days having elapsed and reconsideration having been had,

"It Is Hereby Ordered that the dismissal should be and hereby is affirmed and the case is wholly and finally dismissed."

We construe this as an order denying appellant's petition to reinstate the cause after the previous dismissal. Appellant appealed from this order.

Nowhere by affidavit or otherwise, did appellant assert that he had a meritorious cause. On the other hand, respondents made no assertion of their injury or prejudice or loss of any rights by the delay.

The only question involved on this appeal is whether the trial judge abused his discretionary powers in denying appellant's petition to reinstate the action under the showing presented.

■■ In any proceeding for reinstatement of a dismissed action, the burden is upon the plaintiff, (1) to establish that good grounds exist for the granting of the motion to reinstate; (2) to establish that he has a meritorious cause of action, and (3) to show that he was reasonably diligent in seeking reinstatement of the action. Where a sufficient excuse is shown and the action appears meritorious, the court in a proper case should reinstate the action, but a refusal to reinstate is not improper where the plaintiff fails to show a meritorious cause of action, 27 C.J.S. Dismissal & Nonsuit § 81, p. 500, and § 82, p. 502; 17 Am.Jur., Dismissal, Etc., § 120, p. 184, § 122, p. 185.

Appellant moved promptly for reinstatement of the action after the dismissal; his grounds therefor may be briefly summarized: First, that because of other pending litigation intended to determine the divergent interests of various defendants, he was not dilatory in bringing the case to trial, and that settlement negotiations were had. The record does not show when such other alleged litigation was terminated; and it does affirmatively show that efforts of the parties toward negotiation and settlement collapsed on or about December 3, 1957, and that the parties did not further negotiate during the entire year of 1958; yet there is no showing that appellant made any effort to have the case set for trial during that year. Second, appellant relies on the February 15, 1957, letter to the presiding trial judge requesting a trial date some time that spring, and the trial judge's answer that he was not in a position to say when he could hear the case, but would keep appellant advised. Appellant made no showing that he ever contacted the trial judge other than that

one time in an effort to have the case set for trial, from July 15, 1953, until after the order of dismissal, January 19, 1959.

Clearly, under such circumstances, appellant failed to establish sufficient excuse or good cause for granting reinstatement of the case.

Additionally, appellant failed to establish that he had a meritorious cause of action. Not only did he fail to allege either in his petition or supporting affidavit that he had a meritorious cause of action, but failed to refute the allegation in respondents' counter affidavit that the action was in fact without merit and not maintained in good faith but solely for the purpose of clouding the title to the real property involved.

A motion for reinstatement of an action after an involuntary dismissal is addressed to the sound discretion of the trial court, and unless such discretion is abused the court's determination will not be disturbed on review. 17 Am.Jur., Dismissal, Etc., § 121, p. 185; 27 C.J.S. Dismissal & Nonsuit § 78, p. 490. Under the facts and circumstances shown, the trial court did not abuse its discretionary powers in refusing to reinstate appellant's cause of action.

This decision is not in conflict with the rule followed in such cases as Stilwell v. Weiser Iron Works, 66 Idaho 227, 157 P.2d 86, and Lyon v. State, 76 Idaho 374, 283 P.2d 1105. In those cases there was no issue involving the merits of the plaintiff's cause of action and no uncontradicted showing that the complaint was not meritorious.

The order denying appellant's petition for reinstatement is affirmed.

Costs to respondents.

TAYLOR, SMITH and McQUADE, JJ., concur.

PORTER, C. J., sat at the hearing but died before the Court rendered its decision.