Per Curiam.

Although a triable issue was presented because the record does not contain evidence which conclusively established the purchasers at the tax sales as necessary parties (see People ex rel. Cooper v. Registrar of Arrears, 114 N. Y. 19), and although section 63 of the Suffolk County Tax Act by its terms is not applicable to an action based on alleged defects in a tax sale proceeding which allegedly occurred subsequent to the date of the receipt of the tax warrant by the Town Receiver, the order of the Appellate Division should be affirmed, but on another ground. An application to the Suffolk County Treasurer pursuant to section 40-c of the Suffolk County Tax Act in connection with the cancellation of tax sales may only be made by the purchaser at the sale. We construe section 40-c of the Suffolk County Tax Act as we have construed section 140 of the Tax Law as giving the former owner no standing to apply for cancellation. (People ex rel. Witte v. Roberts, 144 N. Y. 234, 237; People ex rel. Staples v. Sohmer, 206 N. Y. 39, 42.) Since the application of the former owners to the County Treasurer to cancel the tax sales was not authorized by law, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis, Burke and Foster concur.
Order affirmed.